IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-CR-00148-CMA

UNITED STATES OF AMERICA,

   Plaintiff,

v.

MICHAEL SANG CORREA,

   Defendant.

---

### UNOPPOSED MOTION FOR AN ENDS OF JUSTICE CONTINUANCE

---

TO THE HONORABLE JUDGE OF SAID COURT:

  COMES NOW the Defendant, Michael Correa, through his attorney of record, Assistant Federal Public Defender Matthew K. Belcher, and requests that the Court exclude an additional 180 days from the Speedy Trial Clock, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (ii).   In support thereof, Mr. Correa would show as follows.

  1. On June 2, 2020, Mr. Correa was charged in a seven-count Indictment in violation of the following offenses: (a) Conspiracy to Commit Torture, in violation of 18 U.S.C. § 2340A(c); and (b) Torture and Aiding and Abetting the Same, in violation of 18 U.S.C. §§ 2340 and 2.

  2. On July 9, 2020, the Government filed an unopposed motion to declare the case complex, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), and a request that the Court exclude 120 days from the Speedy Trial Clock.   In support, the Government noted (1) the unusual nature of the case, which involves the extraterritorial application of United States law to acts allegedly committed by

a foreign national wholly in a foreign nation 14 years ago; (2) the novel question of both law and fact posed by such an unusual prosecution; (3) the anticipated voluminous nature of the discovery; (4) the need to obtain foreign evidence and witnesses; (5) the need to travel to The Gambia to further investigate the allegations; and (6) the complications that have arisen due to the COVID-19 pandemic.  In further support, pursuant to 18 U.S.C. § 3161(h)(8), the Government informed the Court that they had submitted evidence requests to four countries – Sweden, the Netherlands, The Gambia, and Senegal – all of which were outstanding at the time.

3.      On July 14, 2020, the Court granted the government's unopposed motion, declared the case complex, and excluded 120 days from the Speedy Trial Clock.

4.      On December 14, 2020, the Court granted undersigned counsel's motion for an additional 180-day ends of justice continuance based on (1) incomplete discovery; (2) undersigned counsel's inability to meet with Mr. Correa in person due to COVID-19 restrictions at the local jail; and (3) undersigned counsel's inability to travel internationally to effectively investigate the allegations, obtain additional evidence, and interview potential witnesses.

5.      On May 13, 2021, the Court granted undersigned counsel's second motion for an additional 180-day ends of justice continuance based on similar concerns to the earlier continuance motion; that is, incomplete discovery, COVID-19 restrictions limiting undersigned counsel's ability to meet with Mr. Correa on a frequent basis, and undersigned counsel's inability to travel internationally to investigate the alleged offenses.

6.      On September 27, 2021, the Court granted undersigned counsel's third motion for an additional 180-day ends of justice continuance motion due to the fact that the discovery phase of the case was still ongoing and undersigned counsel had not been able to travel internationally

to further investigate the government's allegations based, in large part, on COVID-19 travel restrictions and concerns.

7.      On November 9, 2021, a Status Conference was held to discuss the government's anticipated disclosure of discovery protected by the Classified Information Procedures Act (CIPA).  During this Status Conference, the government indicated its hope and desire to have this additional discovery disclosed to the Court for its review by January of 2022.  Despite due diligence, the government, during the most recent Status Conference held on April 6, 2022, informed the Court that the approval to disclose the CIPA discovery, along with the proposed summaries, had still not been obtained.  When asked by the Court when the CIPA discovery would be disclosed, the government was unable to provide an approximate date.

8.      At the same Status Conference on April 6, 2022, the government informed the Court that additional discovery is being prepared for disclosure.  This discovery stems from a recent trip government counsel made to The Gambia to conduct further investigation and witness interviews.  Undersigned counsel is unaware of when this disclosure will occur and what, if any, additional follow-up investigation will be necessitated by the defense in response to this additional disclosure.

9.      Given the above, it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself under the current Speedy Trial Clock limitations.  As such, a failure to grant the requested continuance would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i), even considering due diligence by the parties.  *See United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).

10.     Despite due diligence by both the government and undersigned counsel, the discovery disclosure process is still ongoing.  As indicated above, undersigned counsel anticipates receiving additional discovery from the government, which includes the anticipated CIPA discovery, along with additional discovery stemming from government counsel's recent trip to The Gambia.  As to the former disclosure, the CIPA process requires the Court to review the voluminous discovery, along with the proposed summary, make certain findings regarding relevancy, and then order the disclosure of the discovery or the approved summaries to undersigned counsel for review.  When undersigned counsel reviews the additional discovery, additional follow-up investigation will undoubtedly be necessitated on behalf of the defense.

11.     Given the above and that the Speedy Trial Clock will expire in June of 2022, undersigned counsel does not have the reasonable time necessary to (a) obtain all of the relevant discovery; (b) fully review the entire discovery; (c) conduct follow-up independent investigation; (d) meet with Mr. Correa and review the yet-to-be disclosed discovery; (e) conduct necessary legal research concerning possible pretrial motions; (f) draft, edit, and file any necessary pretrial motions; and (g) effectively prepare for trial.

12.     After conferring with both counsel for the government and Mr. Correa, neither are opposed to the requested continuance.  All parties agree that such a continuance is both reasonable and, more importantly, necessary to prevent a miscarriage of justice.

13.     Accordingly, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (ii), Mr. Correa, through counsel, moves this Court to exclude an additional 180 days from the Speedy Trial Clock.  Additionally, the parties request that the Court set a status conference in August of 2022.

14.     As indicated above, due to the unusual and complex nature of the case, including the nature of the prosecution, the existence of novel questions of fact or law, and the voluminous

nature of the discovery, it is currently unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the current Speedy Trial Clock limitations.  18 U.S.C. § 3161(h)(7)(B)(ii).  As such, failure to grant such a continuance would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i).

15.     Last, but not least, the ends of justice served by granting the motion outweigh the best interests of the public and Mr. Correa in a speedy trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

* * *

WHEREFORE, PREMISES CONSIDERED, undersigned counsel requests that the Court exclude an additional 180 days from the Speedy Trial Clock.  Such an extension is warranted due to the unusual and complex nature of the case, as detailed above and extensively in the government's Unopposed Motion for Complex Case Designation and Tolling of Speedy Trial filed on July 9, 2020 [Doc. #27].

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


/s/ Matthew K. Belcher
MATTHEW K. BELCHER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email:  Matthew_Belcher@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I certify that on April 8, 2022, I electronically filed the foregoing ***Unopposed Motion for an Ends of Justice Continuance*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

Christina P. Giffin, Assistant U.S. Attorney
Email:  Christina.Giffin@usdoj.gov

Erin S. Cox, Assistant U.S. Attorney
Email:  Erin.Cox@usdoj.gov

Gregory Allen Holloway, Assistant U.S. Attorney
Email:  Gregory.Holloway@usdoj.gov

Matthew T. Kirsch, Assistant U.S. Attorney
Email:  Matthew.Kirsch@usdoj.gov

Melissa Hindman, Assistant U.S. Attorney
Email:  Melissa.Hindman@usdoj.gov

and I will mail or serve the document or paper to the following non-CM/ECF participant in the manner indicated:

Michael Sang Correa
via mail

/s/ Cecilia Hernandez
Cecilia Hernandez, Legal Assistant
Office of the Federal Public Defender