IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   20-cr-00148-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MICHAEL SANG CORREA,
    a/k/a MICHAEL CORREA,
    a/k/a SANG CORREA,
    a/k/a MICHAEL COREA,
    a/k/a MICHAEL SANG COREA,
    a/k/a SANG COREA,

    Defendant.

_____

**JOINT MEMORANDUM AS TO SPEEDY TRIAL CALCULATION**
_____

    In response to the Court's order of August 2, 2022, *see* ECF 63, counsel for the government and counsel for Michael Sang Correa hereby submit the results of their joint speedy trial calculation in the above matter.

    Ordinarily, a trial must commence within 70 days from the filing and unsealing of an indictment or the defendant's initial appearance on the indictment in the "court in which such charge is pending," whichever occurs later.  *See* 18 U.S.C. § 3161(c)(1). However, certain periods of delay may be excluded from this 70-day period.  Time is excluded from the clock when a judge finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  One of the factors which a judge shall consider in determining whether to grant a continuance under § 3161(h)(7)(A) is whether the case

1

is so unusual or so complex, due to the nature of the prosecution or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. 18 U.S.C. § 3161(h)(7)(B).

In this case, five motions requesting exclusions from the speedy trial clock have been granted. Based upon these motions and decisions, the speedy trial calculation is as follows:

- The defendant had his initial appearance on June 11, 2020, and arraignment was scheduled for June 16, 2020. The arraignment was then delayed from June 16 to July 1, 2020 due to COVID-19, which should be excluded from the speedy trial clock. With the exclusion of this period, the speedy trial clock of 70 days from the unsealing of the indictment on June 11, 2020 was then set to expire on September 4, 2020.

- The defendant was then arraigned on July 1, 2020, and the government then filed its unopposed motion to designate this case as complex on July 9, 2020. ECF 5, 27. In that motion, the parties also noted that 18 U.S.C. § 3161(h)(8) allowed for a speedy trial tolling up to one year and requested a tolling period of 120 days. ECF 27. The filing of that motion tolled the speedy trial clock for 5 days until the Court ruled on that motion by order dated July 14, 2020.  ECF 28.

- On July 14, 2020, the Court granted the motion to toll all speedy trial time for 120 days from September 4, 2020.   ECF 28.  This ruling effectively extended the 70-

day clock expiration to January 4, 2021[1], which takes into account the tolling from June 16, 2020 to July 1, 2020 but does not take into account the tolling for 5 days while the motion was pending before the Court.

- On December 11, 2020, the defendant filed an unopposed motion requesting an Ends of Justice Continuance. ECF 32. On December 14, 2020, the requested continuance was granted excluding 180 days from the speedy trial clock from January 3, 2021.[2] ECF 33.

- On May 13, 2021, the defendant filed an unopposed motion requesting an Ends of Justice Continuance. ECF 35. On May 13, 2021, the requested continuance was granted excluding 180 days from the speedy trial clock from July 3, 2021.[3] ECF 36.

- On September 24, 2021, the defendant filed an unopposed motion requesting an Ends of Justice Continuance. ECF 46. On September 27, 2021, the requested continuance was granted excluding 180 days from the speedy trial clock from December 31, 2021.[4] ECF 47.

---

[1] January 3, 2021 is 120 days after September 4, 2020. Because January 3, 2021 was a Sunday, the tolling of 120 days from September 4, 2020 would have ended on January 4, 2021.

[2] Because January 3, 2021 was a Sunday, the tolling of 120 days from September 4, 2020 would have ended on January 4, 2021. The tolling of 180 days from January 4, 2021 would have ended on July 6, 2021, because July 3, 2021 was a Saturday, and the Monday that followed was a holiday.

[3] Because July 3, 2021 was a Saturday, and the Monday that followed was a holiday, the previous tolling would have been effective through July 6, 2021. The tolling of 180 days from July 6, 2021 would have ended on January 3, 2022 accounting for holidays.

[4] December 31, 2021 was a Friday holiday. The tolling of 180 days from July 6, 2021 would end on January 3, 2022.

- On April 8, 2022, the defendant filed an unopposed motion requesting an Ends of Justice Continuance. ECF 58. On April 12, 2022, the requested continuance was granted excluding 180 days from the speedy trial clock from June 30, 2022.[5] ECF 59.

Accordingly, counsel for the government and counsel for Michael Sang Correa jointly submit that the previously granted continuances in this case have adjusted the 70-day speedy trial clock expiration until January 3, 2023. As noted above, this takes into account the 15-day tolling for the delay in arraignment but does not account for the 5-day tolling while the first motion was pending.

Respectfully submitted this 5th day of August, 2022.

          COLE FINEGAN
          United States Attorney

By:  *s/ Melissa Hindman*
      Melissa Hindman
      Assistant U.S. Attorney
      United States Attorney's Office
      1801 California St., Suite 1600
      Denver, Colorado 80202
      Phone: (303) 454-0100
      Fax: (303) 454-0401
      E-mail: Melissa.Hindman@usdoj.gov
      Attorney for the Government

By:  *s/ Matthew Kirsch*
      Matthew Kirsch
      First Assistant U.S. Attorney
      United States Attorney's Office
      1801 California St., Suite 1600
      Denver, Colorado 80202

---

[5] The tolling of 180 days from January 3, 2022 would be July 5, 2022, taking into account the immediately preceding weekend and holiday.

        Phone: (303) 454-0100
        Fax: (303) 454-0401
        E-mail: Matthew.Kirsch@usdoj.gov
        Attorney for the Government

        KENNETH A. POLITE
        Assistant Attorney General

By:   *s/ Erin Cox*
        Erin Cox
        Illinois Bar No. 6308801
        Trial Attorney
        United States Department of Justice
        Criminal Division
        Human Rights and Special Prosecutions
        1301 New York Ave. NW, Suite 300
        Washington, D.C. 20530
        Telephone: (202) 598-2771
        Facsimile: (202) 305-4624
        Email: Erin.Cox@usdoj.gov

By:   *s/ Christina Giffin*
        Christina Giffin
        District of Columbia Bar No. 476229
        Senior Counsel
        United States Department of Justice
        Criminal Division
        Human Rights and Special Prosecutions
        1301 New York Ave. NW, Suite 300
        Washington, D.C. 20530
        Telephone: (202) 514-5792
        Facsimile: (202) 305-4624
        Email: Christina.Giffin@usdoj.gov

        VIRGINIA L. GRADY
        Federal Public Defender

By:   *s/ Matthew K. Belcher*
        MATTHEW K. BELCHER
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO 80202

Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: Matthew.Belcher@fd.org
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 5th day of August, 2022, I electronically filed the foregoing **JOINT MEMORANDUM AS TO SPEEDY TRIAL CLOCK** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

                                        *s/ Melissa Hindman*
                                        Melissa Hindman
                                        Assistant U.S. Attorney