UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

UNITED STATES OF AMERICA )
)     Crim. No. 1:20-cr 00148-CMA
vs. )
)
MICHAEL SANG CORREA, )
)
Defendant. )
)

CONDITIONAL*

~~PROPOSED~~ ORDER ON THE GOVERNMENT'S FIRST MOTION FOR A PROTECTIVE ORDER PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)[1]

On September 23, 2022, the Government filed with the Classified Information Security Officer ("CISO") its First *Ex Parte*, *In Camera* Motion for a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act and Federal Rule of Criminal Procedure 16(d)(1) ("First CIPA Motion").[2]

In its First CIPA Motion, the Government seeks a protective order, pursuant to Section 4 of the Classified Information Procedures Act (CIPA), 18 U.S.C. app. 3, and Fed. R. Crim. P. 16(d)(1), authorizing the Government to withhold or "delete" from discovery certain classified material that is not discoverable and relevant and helpful to

---

*This order is conditioned upon the Court's receipt and review of the actual documents in question to confirm the attestations made in the Addendum to the Motion.

[1] This unclassified order will be placed on the public docket. A corresponding classified order will be placed under seal and made available to the Government through the CISO. The classified order will be placed under seal for review by the appellate court, if necessary.

[2] The Government properly filed its First CIPA Motion *in camera, ex parte*, and under seal with the CISO. *See* 18 U.S.C. App. 3, § 4; *United States v. Sarkissian*, 841 F.2d 959, 965-66 (9th Cir. 1988).

1

the defense, and to produce substituted summaries in place of certain other classified material.

The Court has ~~Having~~ conducted a thorough *in camera* and *ex parte* review of the Government's First CIPA Motion and all exhibits, the record in this case, and pertinent legal authorities, pursuant to CIPA Section 4 and Rule 16(d)(1), ~~the Court finds that the~~ However, the Court has requested to review the documents themselves. Conditioned upon its review of the documents, the Court finds that the Government has properly invoked the classified information privilege as to all of the subjects of the First CIPA Motion, and the Court GRANTS the Government's motion in its entirety.  Therefore, in the corresponding classified order, the Court granted the Government's request to delete certain information from discovery because it is not both discoverable and relevant and helpful to the defense, and to provide substituted summaries for other information that is arguably discoverable and relevant and helpful to the defense, but whose disclosure reasonably could be expected to harm national security.  In the classified order, the Court found that the classified information which the Government seeks to delete is not discoverable and relevant and helpful to the defense, *see United States v. Muhtorov*, 20 F. 4th 558, 633 (10th Cir. 2021); *United States v. Yunis*, 867 F.2d 617, 620 (D.C. Cir. 1989); *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957); and that the proposed substituted summaries satisfy the procedural requirements of CIPA and the Government's discovery obligations, including the standard set forth in *Muhtorov*, 20 F.4th at 633, *see also United States v. Moussaoui*, 382 F.3d 453, 477 (4th Cir. 2004).

IT IS SO ORDERED.

DATED:   May 11, 2023

2

*Christine M Arguello*
Hon. Christine Arguello
United States Senior District Judge
United States District Court for the
District of Colorado