IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-CR-00148-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MICHAEL SANG CORREA,

       Defendant.
_____

**UNOPPOSED MOTION FOR AN ENDS OF JUSTICE CONTINUANCE**
_____

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW the Defendant, Michael Correa, through his attorney of record, Assistant Federal Public Defender Matthew K. Belcher, and requests that this Court exclude an additional 180 days from the Speedy Trial Clock, pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(i) and (ii).  In support thereof, Mr. Correa would show as follows.

      1.      On June 2, 2020, Mr. Correa was charged in a seven-count Indictment in violation of the following offenses: (a) Conspiracy to Commit Torture, in violation of 18 U.S.C. § 2340A(c); and (b) Torture and Aiding and Abetting the Same, in violation of 18 U.S.C. §§ 2340 and 2.

      2.      On July 9, 2020, the Government filed an unopposed motion to declare the case complex, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), and a request that this Court exclude 120 days from the Speedy Trial Clock.  In support, the Government noted (1) the unusual nature of the case, which involves the extraterritorial application of United States law to acts allegedly committed by a foreign national wholly in a foreign nation 14 years

ago; (2) the novel question of both law and fact posed by such an unusual prosecution; (3) the anticipated voluminous nature of the discovery; (4) the need to obtain foreign evidence and witnesses; (5) the need to travel to The Gambia to further investigate the allegations; and (6) the complications that had arisen due to the COVID-19 pandemic. In further support, pursuant to 18 U.S.C. § 3161(h)(8), the Government informed this Court that they had submitted evidence requests to four countries – Sweden, The Netherlands, The Gambia, and Senegal – all of which were outstanding at the time.

3. On July 14, 2020, the Court granted the government's unopposed motion, declared the case complex, and excluded 120 days from the Speedy Trial Clock.

4. On December 14, 2020, the Court granted undersigned counsel's motion for an additional 180-day ends of justice continuance based on (1) incomplete discovery; (2) undersigned counsel's inability to meet with Mr. Correa in person due to COVID-19 restrictions at the local jail; and (3) undersigned counsel's inability to travel internationally to effectively investigate the allegations, obtain additional evidence, and interview potential witnesses.

5. On May 13, 2021, the Court granted undersigned counsel's second motion for an additional 180-day ends of justice continuance based on similar concerns to the earlier continuance motion; that is, incomplete discovery, COVID-19 restrictions limiting undersigned counsel's ability to meet with Mr. Correa on a frequent basis, and undersigned counsel's inability to travel internationally to investigate the alleged offenses.

6. On September 27, 2021, this Court granted undersigned counsel's third motion for an additional 180-day ends of justice continuance motion due to the fact that the discovery phase of the case was still ongoing, and undersigned counsel had not been

able to travel internationally based, in large part, on COVID-19 travel restrictions and concerns, to further investigate the government's allegations.

7. On November 9, 2021, a Status Conference was held to discuss the government's anticipated disclosure of discovery protected by the Classified Information Procedures Act (CIPA). During the Status Conference, the government indicated its hope and desire to have the additional discovery disclosed to this Court for its review by January of 2022. Despite due diligence, the government, during the most recent Status Conference held on April 6, 2022, informed this Court that the approval to disclose the CIPA discovery, along with the proposed summaries, had still not been obtained. When asked by this Court when the CIPA discovery would be disclosed, the government was unable to provide an approximate date.

8. At the same Status Conference on April 6, 2022, the government informed this Court that additional discovery is being prepared for disclosure. This discovery stems from a recent trip government counsel made to The Gambia to conduct further investigation and witness interviews. (This discovery was ultimately disclosed on July 29, 2022.)

9. On April 12, 2022, the Court granted undersigned counsel's fourth motion for an additional 180-day ends of justice continuance motion due to the fact that the discovery phase of the case was still ongoing.

10. On July 29, 2022, undersigned counsel received additional discovery from the government. This recent disclosure involved over 2,000 additional pages of discovery. This disclosure did not, however, include the CIPA discovery the government originally hoped to have available for undersigned counsel's review in January 2022.

11. On August 11, 2022, during a scheduled Status Conference with this Court, the government indicated that they were still not in a position to file a CIPA motion with this Court for its review. When asked by this Court when the government expected to file the CIPA motion, counsel for the government opined that it could be filed in the coming weeks. The CIPA motion was subsequently filed by the government on September 23, 2021 [Doc. #69].

12. Additionally, undersigned counsel, during the Status Conference on August 11, 2022, informed this Court that he would travel to The Gambia in January of 2023 to continue an independent investigation of the allegations in the Indictment.

13. Subsequent to the August 11, 2022, Status Conference, undersigned counsel received additional discovery from the government on August 12, 2022, and March 24, 2023. Neither of these additional discovery disclosures by the government included the anticipated CIPA discovery.

14. From January 3, 2023, through January 14, 2023, undersigned counsel and his investigator returned to The Gambia to further investigate the allegations against Mr. Correa, interview additional witnesses, and view certain locations in The Gambia relevant to the pending charges. Undersigned counsel had hoped to have all the discovery disclosed, including the anticipated CIPA discovery, prior to the most recent trip to The Gambia. Unfortunately, the CIPA motion the government had hoped to file soon after the August 11, 2022, Status Conference had not been filed prior to the January 2023 trip.

15. On May 10, 2023, the Court held another Status Conference at which this Court indicated that it had received and reviewed the CIPA summaries provided by the government. However, this Court indicated that it had not yet received and reviewed the classified reports on which the summaries are based. Given this, the Court indicated that it would conditionally grant the government's CIPA Protective Order so that the government may proceed with disclosing the CIPA summaries to undersigned counsel for review.

16. On May 11, 2023, this Court filed a Conditional Order on the Government's First Motion for a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act and Federal Rule of Criminal Procedure 16(d)(1) [Doc. #78].

17. At the May 10, 2023, Status Conference, given that the discovery disclosure process was still ongoing, this Court declined to set a pretrial motion filing deadline. This Court reasoned that undersigned counsel should have the ability to review all of the discovery prior to setting such a deadline. Given the pending disclosure of the CIPA discovery, this Court set a June 12, 2023, deadline for the filing of a joint proposed scheduling order.

18. As of today's date, undersigned counsel has not yet received the CIPA disclosures from the government.

19. Given the above, it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself under the current Speedy Trial Clock limitations. As such, a failure to grant the requested continuance would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i), even considering due diligence by the parties. *See United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).

20.     Despite due diligence by undersigned counsel, the discovery disclosure process is still ongoing.  As indicated above, undersigned counsel anticipates receiving additional discovery from the government, to include the anticipated CIPA discovery. When undersigned counsel reviews the additional discovery, additional follow-up investigation will undoubtedly be required by the defense. Undersigned counsel is hopeful that the CIPA disclosures will be available for review in the coming weeks.

21.     Given the above and that the Speedy Trial Clock will expire on July 3, 2023, undersigned counsel does not have the reasonable time necessary to (a) obtain all of the relevant discovery; (b) fully review the entire discovery; (c) conduct follow-up independent investigation; (d) meet with Mr. Correa and review the yet-to-be disclosed discovery; (e) conduct necessary legal research concerning possible pretrial motions; (f) draft, edit, and file any necessary pretrial motions; and (g) effectively prepare for trial.

22.     After conferring with both counsel for the government and Mr. Correa, neither are opposed to the requested continuance.  All parties agree that such a continuance is both reasonable and, more importantly, necessary to prevent a miscarriage of justice.

23.     Accordingly, pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(i) and (ii), Mr. Correa, through counsel, moves this Court to exclude an additional 180 days from the Speedy Trial Clock.

24.     As indicated above, due to the unusual and complex nature of the case, including the nature of the prosecution, the existence of novel questions of fact or law, and the voluminous nature of the discovery, it is currently unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the current Speedy

Trial Clock limitations. 18 U.S.C. § 3161(h)(7)(B)(ii). As such, failure to grant a continuance would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i).

19. Last, but not least, the ends of justice served by granting the motion outweigh the best interests of the public and Mr. Correa in a speedy trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

* * *

WHEREFORE, PREMISES CONSIDERED, undersigned counsel requests that this Court exclude an additional 180 days from the Speedy Trial Clock. Such an extension is warranted due to the unusual and complex nature of the case, as detailed above and extensively in the government's Unopposed Motion for Complex Case Designation and Tolling of Speedy Trial filed on July 9, 2020 [Doc. #27].

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


*/s/ Matthew K. Belcher*
MATTHEW K. BELCHER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: Matthew_Belcher@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on May 17, 2023, I electronically filed the foregoing ***Unopposed Motion for an Ends of Justice Continuance*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Christina P. Giffin, Assistant U.S. Attorney
Email:  Christina.Giffin@usdoj.gov

Marie S. Zisa, Assistant U.S. Attorney
Email: marie.zisa@usdoj.gov

Matthew T. Kirsch, Assistant U.S. Attorney
Email:  Matthew.Kirsch@usdoj.gov

Melissa Hindman, Assistant U.S. Attorney
Email:  Melissa.Hindman@usdoj.gov

and I will mail or serve the document or paper to the following non-CM/ECF participant in the manner indicated:

Michael Sang Correa (via mail)

*/s/ Matthew K. Belcher*
MATTHEW K. BELCHER
Assistant Federal Public Defender
Office of the Federal Public Defender