IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-cr-00148-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MICHAEL SANG CORREA,

       Defendant.

_____

**UNOPPOSED MOTION TO APPOINT CO-COUNSEL
FROM THE CRIMINAL JUSTICE ACT PANEL**
_____

Undersigned counsel requests that this Court appoint co-counsel from the Criminal Justice Act Panel to assist with this extremely difficult and complex case. The appointment of additional counsel from the Criminal Justice Act Panel would further the interests of justice in this case.

    **I.**    **Appointment of Co-Counsel.**

In extremely difficult and complex cases, this Court has the discretion to appoint co-counsel from the Criminal Justice Act Panel if it finds that doing so would be in the interest of justice.[1] No better case than the present exists to justify this Court to exercise such discretion.

---

[1] Guide to Judiciary Policy, Vol. 7, Defender Services, Part A, Chapter 2, § 230.53.20(a).

### A. *Extremely Difficult Case*

The underlying offense is an extremely difficult case with both complex and novel legal issues, as well as inherent logistical issues given that the offense occurred wholly within a foreign country. The complexity of the prosecution, alone, would support this Court's exercise of discretion to appoint co-counsel from the Criminal Justice Act Panel to assist undersigned counsel with trial preparation.

The extreme difficulty presented by the nature of the prosecution alone is further compounded by undersigned counsel's current inability to effectively communicate with Mr. Correa. The severe and pervasive conflict that currently exists between undersigned counsel and Mr. Correa has resulted in a total breakdown in communication, making it impossible for undersigned counsel to determine if Mr. Correa wants to proceed to trial or accept the plea offer currently on the table. Undersigned counsel has also been unable to discuss potential pretrial motions, potential witnesses, and the overall objective of the defense at trial with Mr. Correa.

Given the complete and total breakdown in communication, as well as the fast-approaching pretrial deadlines, undersigned counsel will soon be in the unenviable position of making decisions on Mr. Correa's behalf that are constitutionally vested in Mr. Correa alone. "To gain assistance, a defendant need not surrender control entirely to counsel." *McCoy v. Louisiana*, 584 U.S. 414, 422 (2018). While trial management is the lawyer's province, "[s]ome decisions, however, are reserved for the client – notably, whether to plead guilty, waive the right a jury trial, testify in one's behalf, and forgo an appeal." *Id*. at 423. The autonomy to decide the objective of the defense also belongs in the category reserved for the client. *Id*.

With the above difficulties in mind, undersigned counsel is hopeful that this Court's appointment of co-counsel from the Criminal Justice Act Panel will, at the very least, alleviate undersigned counsel's constitutional concerns with making decisions on Mr. Correa's behalf. Hopefully, co-counsel from the Criminal Justice Act Panel will be able to effectively communicate with Mr. Correa and advise both undersigned counsel and this Court of Mr. Correa's decision about proceeding to trial or accepting the plea offer – a decision that Mr. Correa should make in his case.

B. *Interest of Justice*

It is in the interest of justice to appoint co-counsel from the Criminal Justice Act Panel to assist undersigned counsel in the preparation of the defense in this extremely difficult case. If counsel rejects the current plea offer, files additional pretrial motions, and advances a defense at trial without Mr. Correa's advice or consent, there is grave concern that this matter will eventually return to the district court if Mr. Correa is convicted, either by direct appeal or a successful collateral attack pursuant to Title 28 U.S.C. § 2255.

Additionally, undersigned counsel is concerned about *effectively* proceeding to trial on Mr. Correa's behalf. Certainly, undersigned counsel can decide the pretrial motions to file, witnesses to call, and the theory of defense to pursue at trial. The difficulty arises, however, if the theory of defense chosen by counsel, without the advice or consent of his client, runs afoul of Mr. Correa's constitutional right to testify on his own behalf.

This was exactly the concern addressed by the Supreme Court in *McCoy v. Louisiana*, 584 U.S. 414 (2018). There, defense counsel pursued a theory of defense that conceded the client's guilt to try to avoid the death penalty, despite the client's steadfast assertion of innocence. Accordingly, the theory of defense pursued by counsel

in *McCoy* directly infringed upon the client's autonomy to decide the objective of the defense and testify, as he has the right to do, that he, in fact, was innocent of the charges levied against him. "Just as a defendant may steadfastly refuse to plead guilty in the face of overwhelming evidence against her or reject the assistance of legal counsel despite the defendant's own inexperience and lack of professional qualifications, so may she insist on maintaining her innocence at the guilt phase of a trial. These are not strategic choices about how best to *achieve* a client's objectives; they are choices about what the client's objectives in fact *are*." *Id*. at 423.

If undersigned counsel were to proceed with a theory of defense that contradicts Mr. Correa's objectives at trial, it would present this Court with a violation of the defendant's Sixth Amendment-secured autonomy to decide the objective of the defense. *See People v. Bergerud*, 223 P.3d 686 (Colo. 2010) (holding that counsel cannot concede the defendant's guilt to a crime over his express objection, thereby waiving his privilege against compulsory self-incrimination).

While undersigned counsel believes the best remedy is to allow the Federal Public Defender's Office to withdraw and for this Court to appoint conflict-free counsel from the Criminal Justice Act Panel, that request has already been denied by this Court. Therefore, in the interest of justice, undersigned counsel requests that conflict free co-counsel be appointed from the Criminal Justice Act Panel to stave off the impending threat of undersigned counsel unconstitutionally infringing upon the autonomy invested in Mr. Correa by the Sixth Amendment. Conflict-free co-counsel will hopefully be able to effectively communicate with Mr. Correa and determine if he desires to proceed to trial or accept the plea agreement. If the former, conflict-free co-counsel will hopefully be able

to determine the overall objective of the defense that Mr. Correa desires and if Mr. Correa intends to testify on his own behalf.

This alternative will ensure a timely trial in this matter. Besides a slight continuance in today's pretrial motions deadline and the *James* Hearing Logs deadline, no other continuance is currently being sought. Furthermore, the knowledge and experience gained by the Federal Public Defender's Office during the past five years will be available to Mr. Correa and co-counsel moving forward. As such, the request for conflict free co-counsel will not serve as a tool to delay the current trial in this case. To the contrary, it will assure that the interests of justice are served by a fair trial devoid of the Sixth Amendment concerns described above.

## II.   Conclusion.

This is an extremely difficult case, and it is in the interest of justice that this Court appoint conflict-free co-counsel from the Criminal Justice Act Panel. If the Court does not do so, undersigned counsel will soon be in the unenviable position of being forced to invade the autonomy invested in Mr. Correa by the Sixth Amendment. Should undersigned counsel be forced to proceed without the advice and consent of Mr. Correa, and without the assistance of conflict free co-counsel, decisions will be made as to whether Mr. Correa accepts or rejects the current plea offer, whether Mr. Correa should proceed to trial or pursue an alternative disposition other than the plea offer currently on the table, and what the overall defense objective will be at trial –  despite the real possibility that the defense strategy chosen by undersigned counsel alone will directly conflict with any testimony that Mr. Correa may choose to present on his own behalf.

Given these real concerns, if this Court persists in its determination that undersigned counsel remain on Mr. Correa's case, despite the severe and pervasive conflict that currently exists which has resulted in a complete and irreconcilable breakdown in communication between Mr. Correa and undersigned counsel, then the only foreseeable alternative that undersigned counsel sees would be for this Court to appoint conflict-free co-counsel from the Criminal Justice Act Panel who can effectively communicate with Mr. Correa and assist undersigned counsel with effectively representing Mr. Correa going forward.

The government is unopposed to the appointment of conflict free co-counsel.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*/s/ Matthew K. Belcher*
MATTHEW K. BELCHER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: Matthew_Belcher@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on April 19, 2024, I electronically filed the foregoing ***Motion to Appoint Co-Counsel from the Criminal Justice Act Panel*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Marie S. Zisa, Assistant U.S. Attorney
Email: marie.zisa@usdoj.gov

Matthew T. Kirsch, Assistant U.S. Attorney
Email:  matthew.kirsch@usdoj.gov

Melissa Erin Hindman, Assistant U.S. Attorney
Email:  melissa.hindman@usdoj.gov

and that I will mail or serve the document to the following non-CM/ECF participant in the manner indicated:

Michael Sang Correa, Defendant (via mail)


*/s/ Matthew K. Belcher*
MATTHEW K. BELCHER
Assistant Federal Public Defender