IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:20-CR-00148-CMA

UNITED STATES OF AMERICA

v.

MICHAEL SANG CORREA,

Defendant.

---

## MICHAEL SANG CORREA'S MOTION TO PRECLUDE THE TESTIMONY OF DR. ADEYINKA M. AKINSULURE-SMITH

---

Pursuant to Federal Rules of Evidence 402 and 702(a), Mr. Correa, through undersigned counsel, respectfully requests that this Court preclude the government from introducing the proposed testimony of Dr. Akinsulure-Smith to the extent it is not relevant to facts in dispute at trial.

**I.    Dr. Akinsulure-Smith's proposed testimony.**

The government has provided notice that it intends to call Dr. Akinsulure-Smith as an expert in the psychological effects of trauma caused by physical abuse. The government intends to offer Dr. Akinsulure-Smith's testimony in its case-in-chief to "aid the jury in understanding the evidence and testimony presented by other witnesses who have experienced trauma." Dr. Akinsulure-Smith's testimony is expected to cover (a) the effect of trauma generally, (b) the effect of trauma on memory encoding and retrieval, and (c) other relevant factors (related to the impact trauma may have on an individual). In short, it appears the government intends to call Dr. Akinsulure-Smith to offer testimony in rebuttal to Mr. Correa potentially seizing upon the victims' potential inconsistent,

incomplete, or inaccurate recollections of their assault as a means of disputing either that the assault occurred or that he was involved in the assault. Dr. Akinsulure-Smith will testify that the victims' potential inconsistent, incomplete, or inaccurate recollections of their assault is consistent with the effects of the trauma they suffered as a result of the assault.

## II.     LEGAL AUTHORITY

While "[r]elevant evidence is [generally] admissible," "[i]rrelevant evidence is not." Fed. R. Evid. 402.

> To be relevant, evidence need only have "any tendency" to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. This standard is not intended to impose a high burden to admissibility. *Id.* cmt. ("The standard of probability under the rule is 'more ... probable than it would be without the evidence.' Any more stringent requirement is unworkable and unrealistic." (alteration in original)); *United States v. Leonard*, 439 F.3d 648, 651 (10th Cir. 2006) ("Rule 401 is a liberal standard."). "[A] fact is of consequence when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict," but it only needs to have "any tendency" to do so. *United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998) (quotations omitted); *see also id.* ("The rule establishes that even a minimal degree of probability—i.e., any tendency— that the asserted fact exists is sufficient to find the proffered evidence relevant." (quotation omitted)); *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007) ("The bar for admission under Rule 401 is very low." (quotation omitted)).

*United States v. Wells*, 38 F.4th 1246, 1260 (10th Cir. 2022).

Similarly, expert testimony is admissible "if the proponent demonstrates to the court that it is more likely than not [] the expert's scientific, technical, or other specialized knowledge will help the trier of fact *to understand the evidence or to determine a fact in issue*." Fed. R. Evid. 702(a) (emphasis added). Rule 702 permits experts to testify if their testimony is (1) based on scientific facts or data, (2) the product of reliable principles and methods, and (3) the result of applying those principles and methods reliably to the facts

of the case. In determining whether an expert's testimony meets the standard of Rule 702, the court acts as a gatekeeper that ensures that the expert's testimony both rests on a reliable foundation and is relevant to the task at hand. *Daubert v. Merrell Dow Pharms., Inc*, 509 U.S. 579, 597 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148-49 (1999).

Relevant here, "[u]nder Rule 702, the district court must satisfy itself that the proposed expert testimony is … relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony." *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122 (10th Cir. 2006). The court employs an evaluation of "other non-exclusive factors to determine whether the testimony will assist the trier of fact," including "whether the testimony is relevant." *Id*. at 1123.

In *United States v. Arney*, the Tenth Circuit upheld the district court's exclusion of expert testimony based, in part, on its finding that the testimony was not relevant. 248 F.3d 984, 990 (10th Cir. 2001). The defendant was charged with bank fraud. *Id*. at 986. He submitted fake tax documents reflecting a higher income to secure lines of credit. *Id*. At trial, the defendant proffered an expert to provide "(1) testimony concerning accounting methods, IRS requirements for farmers, income reporting, and the significance of undergoing an IRS audit; and (2) testimony that the banks would not have materially relied on the documents [the defendant] submitted as tax returns." *Id*. at 990. The district court found the expert's proffered testimony was not relevant to the issue: whether he submitted materially false tax documents. *Id*. at 991. As a result, "testimony regarding accounting methods and IRS requirements was not relevant to the question of whether [the defendant] made false representations to the banks." *Id*. The Tenth Circuit agreed, finding

that the government's theory (the charges) of the case undermined the need for an expert. *Id*.

### III.   THE COURT SHOULD PROHIBIT DR. AKINSULURE-SMITH FROM TESTIFYING ABOUT CONCEDED FACTS

Similar to *Arney*, the government's theory of the case – Mr. Correa was involved in a conspiracy to torture and did torture specific individuals – obviates any need for Dr. Akinsulure-Smith's testimony. 248 F.3d at 991. The victims will testify that Mr. Correa was involved in their torture. Mr. Correa, in turn, will present evidence that he was coerced into participating in, and under duress during, the assaults. The question of whether the alleged victims accurately recalled every minute detail of their assault will not be at issue. Dr. Akinsulure-Smith's testimony, therefore, will not have "any tendency" to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Nor will Dr. Akinsulure-Smith's testimony "help the trier of fact to understand the evidence or to determine a fact in issue," *i.e.*, whether the victims' testimony regarding the assault is sufficient to establish it happened. The jury does not need testimony beyond that of the victims to help it find that it happened, and it does not need help understanding those admitted facts.

Dr. Akinsulure-Smith's testimony would only serve to bolster the victims' testimony. Testimony regarding the credibility of another witness – including the victim – "is generally not an appropriate subject for expert testimony." *United States v. Toledo,* 985 F.2d 1462, 1470 (10th Cir.1993); *see also United States v. Cruz*, 981 F.2d 659, 663 (2d Cir. 1992) ("We reaffirm here the principle that the credibility of a fact-witness may not be bolstered by arguing that the witness's version of events is consistent with an expert's description of patterns of criminal conduct, at least where the witness's version is not attacked as

improbable or ambiguous evidence of such conduct."); *United States v. Rodriguez*, 125 F. Supp. 3d 1216, 1235 (D.N.M. 2015) ("Expert testimony that vouches for the credibility of other witnesses lacks relevance [under rule 401] and would not assist the trier of fact as required by Rule 702." (citing *United States v. Adams,* 271 F.3d 1236, 1246 (10th Cir.2001)) (punctuation omitted).

### IV.   CONCLUSION

Based on the foregoing, Mr. Correa requests that this Court preclude the government from introducing the proposed testimony of Dr. Akinsulure-Smith to the extent it is not relevant to facts in dispute at trial.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*s/ Jared Scott Westbroek*
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: jared_westbroek@fd.org
Attorney for Mr. Correa

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 16, 2024, I electronically filed the foregoing ***MICHAEL SANG CORREA'S MOTION TO PRECLUDE THE TESTIMONY OF DR. ADEYINKA M. AKINSULURE-SMITH*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

  Melissa Erin Hindman, Assistant U.S. Attorney
  Email:  melissa.hindman@usdoj.gov

  Laura Cramer-Babycz, Assistant U.S. Attorney
  Email:  Laura.Cramer-Babycz@usdoj.gov

  Erin S. Cox, Assistant U.S. Attorney
  Email:  Erin.Cox@usdoj.og

  Marie S. Zisa, Assistant U.S. Attorney
  Email: marie.zisa@usdoj.gov

  Christina P. Giffin, Deputy Chief
  Email:  Christina.Giffin@usdoj.gov

and I hereby certify that I will mail or serve the document or paper to the following non-CM/ECF participant in the manner indicated:

  Michael Sang Correa (via U.S. Mail)

           *s/ Jared Scott Westbroek*
           JARED SCOTT WESTBROEK
           Assistant Federal Public Defender
           633 17th Street, Suite 1000
           Denver, CO 80202
           Telephone: (303) 294-7002
           FAX: (303) 294-1192
           Email: jared_westbroek@fd.org
           Attorney for Mr. Correa