IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-CR-00148-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL SANG CORREA,

        Defendant.

---

**MOTION TO LIMIT THE EXPERT TESTIMONY OF DR. MAGGIE DWYER**

---

Michael Correa, by and through counsel, Assistant Federal Public Defender Matthew K. Belcher, submits this Motion to Limit the Expert Testimony of Dr. Maggie Dwyer. In support thereof, undersigned counsel would show as follows:

### I. Introduction:

This motion seeks to limit the proposed expert testimony of Dr. Maggie Dwyer, who is proposed by the Government as a historical expert in African Studies. The Government intends to call Dr. Dwyer during their case-in-chief to testify about (1) a general introduction to The Gambia; (2) The Gambia's independence from Britain up until the 1994 coup; (3) the 1994 coup; (4) politics within The Gambia from 1996 and onwards; (5) President Jammeh and his state security services; (6) Junglers; (7) the 2006 coup attempt; and (8) the end of President Jammeh's regime.

Dr. Dwyer's first five topics are in line with a historical expert's role of surveying historical sources, evaluating their reliability, and providing a basis for a reliable narrative about the past that could assist the jury by offering background knowledge or context that

illuminates or places in perspective past events. *See United States v. Kantengwa*, 781 F.3d 545, 562 (1st Cir. 2015). However, this historical expertise quickly dissipates in section 6 of Dr. Dwyer's proposed expert testimony entitled "Junglers."

In section 6, Dr. Dwyer ceases being a historical expert and instead acts as a conduit for introducing inadmissible hearsay under the guise that she is using the hearsay as the basis for her testimony. *See United States v. Johnson*, 587 F.3d 625, 635 (4th Cir. 2009). Section 6 of Dr. Dwyer's proposed expert opinion is almost entirely comprised of information contained in Volume 8 of the Truth, Reconciliation, and Reparations Commission (TRRC) report which, not surprisingly, is also entitled "The Junglers." Allowing an expert witness simply to parrot out-of-court testimonial statements of cooperating witnesses and informants directly to the jury under the guise of an expert opinion would provide an unjust end run around *Crawford*. *Id*.

Then in section 8, Dr. Dwyer reverts to her proposed role as a historical expert, detailing the end of the Jammeh regime, the beginning of the Barrow regime, and the creation and conclusion of the TRRC based on what appears to be a review of historical sources and reports. However, these events took place a decade or more removed from the allegations in the Indictment here and, as such, provide no relevant information to the jury that would help determine any fact at issue. Furthermore, what probative value does exist, is substantially outweighed by the risk of undue prejudice and confusion of issues. *See FRE 401 and 403*.

II. **Legal Authority**:

Federal Rule of Evidence 702 allows expert testimony only if the expert's "scientific, technical, or other specialized skill will help the trier of fact to understand evidence or to determine a fact in issue." Fed. R. Evid. 702. FRE 702 permits experts

to testify if their testimony is (1) based on scientific facts or data, (2) the product of reliable principles and methods, and (3) the result of applying those principles and methods reliably to the facts of the case. In determining whether an expert's testimony meets the standard of FRE 702, the court acts as a gatekeeper that ensures that the expert's testimony both rests on a reliable foundation and is relevant to the task at hand. *Daubert v. Merrell Dow Pharms., Inc*, 509 U.S. 579, 597 (1993); see also *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148-49 (1999). In addition, expert testimony that is otherwise admissible may be excluded under FRE 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury. *Daubert*, 509 U.S. at 595.

In *United States v. Hankey*, 203 F.3d 1160, (9th Cir. 2000), the Ninth Circuit explained how to assess the admissibility of expert testimony based on some "other specialized knowledge."[1] The *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it. "Thus, admissibility of expert opinion testimony generally turns on the following preliminary question of law determinations by the trial judge under FRE 104(a):

- Whether the opinion is based on scientific, technical, or other specialized knowledge;
- Whether the expert's opinion would assist the trier of fact in understanding the evidence or determining a fact in issue;

---

[1] In *Hankey*, the proposed gang expert testimony was for "impeachment for bias or coercion, not as proof of intent, or of the facilitation, advice, aid, promotion, encouragement, or instigation needed to establish aiding and abetting." *Id*. at 1172.

- Whether the expert has appropriate qualifications-i.e., some special knowledge, skill, experience, training, or education on that subject matter;

- Whether the testimony is relevant and reliable;

- Whether the methodology or technique the expert uses "fits" the conclusions (the expert's credibility is for the jury); and

- Whether its probative value is substantially outweighed by the risk of unfair prejudice, confusion of issues, or undue consumption of time."

*Id.* at 1168. The Tenth Circuit has embraced the *Hankey* approach. *See United States v. Roach*, 582 F.3d 1192, 1207 (10th Cir. 2009).

### III. Argument:

*A. Section 6 (Junglers) should be excluded by this Court*

Section 6 of Dr. Dwyer's proposed expert opinion, entitled "Junglers," is merely a repackaging of the conclusions that the TRRC made after compiling testimonial hearsay statements provided to them through the testimony of various witnesses who were either alleged victims, alleged perpetrators, or percipient witnesses to the crimes Mr. Correa is alleged to have committed in the Indictment.[2] Section 6 is not comprised of the opinions of a historical expert exercising her independent judgment but instead is merely transmitting to the jury out-of-court testimonial hearsay statements made by witnesses who testified before the TRRC. *See Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 135-136 (2nd Cir. 2013). Such proposed testimony raises concerns under Rules 702 and 703, and *Crawford v. Washington*, 541 U.S. 36 (2004).

---

[2] Section 6 of Dr. Dwyer's proposed expert opinion cites a total of sixteen times the TRRC Final Report, Volume 8, "The Junglers," as the source of her "opinion" concerning the Junglers.

Although historical experts may have "specialized knowledge" that can assist the trier of fact and although experts are afforded some leeway with respect to hearsay evidence, "a party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis for his/her opinion." *United States v. Kantengwa*, 781 F.3d at 561.  See also *United States v Johnson*, 587 F.3d at 635; and *Marvel Characters, Inc v. Kriby*, 726 F.3d at 136.  Rather, as the Second Circuit noted:

> The appropriate way to adduce factual details of specific past events is, where possible, through person who witnessed those events.  And the jobs of judging these witnesses' credibility and drawing inferences from their testimony belong to the factfinder.

*Id.*

Succinctly put, section 6 of Dr. Dwyer's proposed expert testimony does not involve applying her training and experience to the sources before her and reaching an independent judgment as to the formation and use of the so-called Junglers in The Gambian Armed Forces.  Instead, Dr. Dwyer simply parrots the findings of the TRRC which, in turn, were based on out-of-court testimonial hearsay that would not otherwise be admissible during Mr. Correa's trial.  These "opinions" are not based on Dr. Dwyer's specialized knowledge, are not the product of expert methodology or technique, and run afoul of Mr. Correa's constitutional right to confront and cross-examine adverse witnesses, as set forth in *Crawford v. Washington*, 541 U.S. 36 (2004).

Pursuant to FRE 702 and 703, and *Crawford v. Washington*, the proposed opinions in section 6 of Dr. Dwyer's proposed expert opinion should be excluded.

### B.  Section 8 (End of President Jammeh regime) is not relevant

Briefly, the allegations here are that Mr. Correa and others tortured individuals to obtain confessions after a failed coup attempt in The Gambia in 2006.  The allegations

5

span two months, from March to April of 2006. To convict Mr. Correa, the government must prove that he either conspired with others to commit torture or, in fact, committed torture himself during these two months. The fall of the Jammeh regime in 2016, a decade later, and the beginning of the Barrow regime, to include the creation of the TRRC, are not relevant to any fact in issue.

Furthermore, even assuming this proposed expert testimony has some probative value, it is substantially outweighed by the risk of unfair prejudice and confusion of the issues. Whether the TRRC formed an opinion as to the allegations stemming from the aftermath of the failed 2006 coup, whether the TRRC made recommendations as to the prosecution of certain individuals, and whether The Gambia has fully implemented or embraced the TRRC recommendations and swiftly prosecuted the alleged perpetrators, has no relevance here. Worse, it presents a substantial risk of unfair prejudice and confusion.

Pursuant to FRE 401 and 403, this Court should exclude section 8 of Dr. Dwyer's proposed expert opinion.

### IV.     Conclusion:

While an expert witness's reliance on evidence that *Crawford* would bar if offered directly is not prohibited, it becomes a problem that a court must address where the witness is used as little more than a conduit or transmitter for testimonial out-of-court hearsay, rather than as a true expert whose considered opinion sheds light on some specialized factual situation. Allowing Dr. Dwyer to simply parrot the TRRC Final Report and its overview of the "Junglers," based on the out-of-court testimonial statements made to the Commission during its independent investigation of the 2006 failed coup attempt

and aftermath, runs afoul of FRE 702 and 703, and *Crawford*. As such, this Court should exclude this portion of Dr. Dwyer's expert testimony.

Furthermore, Dr. Dwyer strays off course at the end of her proposed opinion when, in section 8, she describes events far removed from March and April of 2006 that are not relevant to any fact at issue here. The fall of Jammeh's regime, the beginning of the Barrow regime, and the TRRC and its findings and recommendations, are not only lacking in relevance, but present a substantial risk of unfair prejudice and confusion. The implication of Dr. Dwyer's testimony in section 8 is that the TRRC found the allegations at the root of the Indictment here were true, recommended that the Junglers be prosecuted, and that Mr. Correa's prosecution in the United States is warranted because some do not believe The Gambia is acting quickly enough. Dr. Dwyer, in section 8, is vouching for and bolstering the prosecution here. This runs afoul of FRE 401 and 403 and should be excluded by this Court.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


/s/ *Matthew K. Belcher*
MATTHEW K. BELCHER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: Matthew_Belcher@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 16, 2024, I filed the foregoing ***Motion to Limit the Expert Testimony of Dr. Maggie Dwyer*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

    Melissa Erin Hindman, Assistant U.S. Attorney
    Email:  melissa.hindman@usdoj.gov

    Laura Cramer-Babycz, Assistant U.S. Attorney
    Email:  Laura.Cramer-Babycz@usdoj.gov

    Erin S. Cox, Assistant U.S. Attorney
    Email:  Erin.Cox@usdoj.og

    Marie S. Zisa, Assistant U.S. Attorney
    Email: marie.zisa@usdoj.gov

    Christina P. Giffin, Deputy Chief
    Email:  Christina.Giffin@usdoj.gov

and that I will mail or serve the document to the following non-CM/ECF participant in the manner indicated:

    Michael Sang Correa, Defendant (via mail)

    /s/ *Matthew K. Belcher*
    MATTHEW K. BELCHER
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO 80202
    Telephone: (303) 294-7002
    FAX: (303) 294-1192
    Email: Matthew_Belcher@fd.org
    Attorney for Defendant