IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-cr-00148-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MICHAEL SANG CORREA,

       Defendant.

_____

**MICHAEL SANG CORREA'S MOTION TO DISMISS THE INDICTMENT**
_____

Pursuant to the Fifth and Sixth Amendments to the United States Constitution, Mr. Correa respectfully moves this Court to dismiss the Indictment in this case. The government's failure to provide assurances that two of Mr. Correa's material witnesses will not be arrested when they arrive in the United States to testify on his behalf, has all but eliminated his right to present a defense. The Court, therefore, should dismiss the Indictment.

**I.     RELEVANT PROCEDURAL BACKGROUND:**

The defense team has traveled to The Gambia on two different occasions to identify material witnesses on Mr. Correa's behalf. During these trips, the defense team interviewed two percipient witnesses material to Mr. Correa's defense—Momodou Hydara, the head of the Gambian National Intelligence Agency during the failed 2006 coup attempt, and Alieu Jeng, a member of the Gambian Armed Forces during the 2006 failed coup attempt and alleged member of the State Guard unit nicknamed "The

Junglers"—regarding the government's allegations against Mr. Correa. Mr. Hydara and Mr. Jeng were both present during the failed Coup attempt in 2006 and worked under President Yahya Jammeh. Based on those interviews, counsel for Mr. Correa intends to call both Mr. Hydara and Mr. Jeng to testify in support of Mr. Correa's defense at trial. Because Mr. Hydara and Mr. Jeng are outside of this Court's jurisdiction, counsel for Mr. Correa is already in the process of obtaining the necessary funding and the necessary Special Benefits Parole to admit both Mr. Hydara and Mr. Jeng into the United States for the limited purpose of testifying at trial. That process is almost complete.

Because the process to get Mr. Hydara and Mr. Jeng to the United States is in its final stages, counsel for Mr. Correa reached out to the government on August 15, 2024 (prior to the pretrial conference), requesting immunity for both Mr. Hydara and Mr. Jeng to facilitate their testimony in Mr. Correa's trial. The government responded on August 20, 2024, indicating that they are "not offering immunity to witnesses." No further explanation was given as to why the government was refusing to provide immunity to help facilitate Mr. Hydara and Mr. Jeng's testimony.

On August 23, 2024, at the Final Trial Preparation Conference, counsel for Mr. Correa raised his concern with the Court regarding the possibility that Mr. Correa will not be able to present testimony from material witnesses currently residing in The Gambia. In response, the Court asked if this concern would lead to a delay in the trial.  Counsel for Correa indicated that he hoped it would not and that he would continue to work with government counsel after the hearing to try and resolve the matter.

Immediately following the Final Trial Preparation Conference on August 23, 2024, Counsel for Mr. Correa sent the following message to government counsel:

> These two witnesses are my only two percipient witnesses that can provide first-hand knowledge to the jury concerning the 2006 failed coup and the aftermath. They are critical to the defense, and, without them, I would be severely limited in my ability to effectively put on a defense here in the United States. Obviously, if this case were tried in The Gambia, both Hydara and Jeng would be available to testify on Mr. Correa's behalf. I have worked diligently with the Special Authorizations Unit to secure funding for Jeng and Hydara and should be in the final stages of getting a Special Benefits Parole for the two of them. Once that is secured, the only obstacle to their coming to the United States to testify is the threat of arrest/prosecution. Is there not any type of agreement or assurance that the government is willing to make to allow these critical defense witnesses to come testify under the conditions of a Special Benefits Parole? I am only looking for protection for the week that they are here – not blanket immunity from ever being prosecuted by the United States.

Government counsel immediately responded indicating that they would look into the matter and respond as soon as possible.

On August 28th – the government responded with its final answer:

> We understand your email to essentially request an assurance that neither Hydara nor Jeng would be arrested on criminal charges here in the United States during the week that they would be present to testify at trial. We are not able to provide any particular assurances at this time. Even if, however, we were able to provide the limited assurance that they would not be arrested during the week of their testimony, our concern is that you would have to further request use immunity in order to secure Hydara and Jeng's testimony once they arrived. Given our understanding of their roles in the Jammeh regime, we think they would need to be appointed counsel before testifying. At that juncture, we think it is highly likely that they would refuse to testify unless the government granted them use immunity. We would not provide such immunity, and we do not see a valid basis for you to ask the Court to compel such immunity. *See, e.g.*, *United States v. LaHue*, 261 F.3d 993, 1014-15 (10th Cir. 2001) (explaining that, in addition to showing that "denial of immunity is a deliberate attempt to distort the fact finding process," defendant seeking to compel immunity must show that testimony "would be material, exculpatory, and not cumulative as well as unavailable from any other source" (citing *United States v. Bahadar*, 954 F.2d 821, 826 (2d Cir. 1992))); *see also United States v. Serrano*, 406 F.3d 1208, 1218 n.2 (10th Cir. 2005) (equating "attempt to distort the fact finding process" with "prosecutorial misconduct").[1]

---

[1] The government appears to believe that if Mr. Hydara and Mr. Jeng are appointed counsel once they arrive in the United States to testify and invoke their Fifth Amendment

Succinctly put, the government is not willing to provide immunity to either Mr. Hydara or Mr. Jeng and further indicated that they do not believe that this Court can compel them otherwise. Again, the government's response is devoid of any meaningful reason why they are refusing to grant Mr. Hydara or Mr. Jeng with immunity to facilitate their testimony – only that they do not believe anyone can compel them to do so.

## II.     RIGHT TO COMPULSORY PROCESS:

Mr. Correa has a constitutional right to "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 104 S. Ct. 2528, 2532 (1984); *United States v. Serrano*, 406 F.3d 1208, 1214 (10th Cir. 2005) ("A criminal defendant's right to present a defense is essential to a fair trial."). Necessarily included in this right, is a defendant's ability to compel the attendance of witnesses at his or her trial, U.S. CONST. amend. VI, and "the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury, evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie,* 480 U.S. 39, 56 (1987); *Serrano*, 406 F.3d at 1215.

Accordingly, "[t]he right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense ... This right is a fundamental element of due process of law." *Washington v. Texas,* 388 U.S. 14, 19 (1967). The right to compulsory process is not without its limits, however. "In order for the

---

rights their statements some how would not make it to the jury in support of Mr. Correa's defense. The government is wrong. If Mr. Hydara and Mr. Jeng are paroled into the United States to testify on behalf of Mr. Correa and choose to exercise their Fifth Amendment rights, they would be considered unavailable witnesses and their statements could come in through another witness. *See* Fed. R. Evid. 804(a)(1), (3).

right to be violated the 'sovereign's conduct' must 'impermissibly interfere [ ] with the right to mount a defense.'" *United States v. Theresius Filippi*, 918 F.2d 244, 247 (1st Cir. 1990) (citing *United States v. Hoffman*, 832 F.2d 1299, 1303 n. 3 (1st Cir. 1987).

> There can be no violation of the defense's right to present evidence ... unless some contested act or omission (1) can be attributed to the sovereign and (2) causes the loss or erosion of testimony which is both (3) material to the case and (4) favorable to the accused.

*United States v. McLellan*, 959 F.3d 442, 474 (1st Cir. 2020) (quoting *Hoffman*, 832 F.2d at 1303). In other words, "[t]he contested act or omission must be attributable to the sovereign, and it must cause the loss or erosion of material testimony which is favorable to the accused." *Theresius Filippi*, 918 F.2d at 247.

The First Circuit has addressed this very issue where a defendant was in the same bind Mr. Correa finds himself in currently. In *Theresius Filippi*, the defendant was charged with transporting cocaine into a U.S. territory. 918 F.2d at 245. The charges stemmed from the identification of the presence of cocaine on his luggage. *Id*. Mr. Filippi explained shortly before his trip, his luggage had been stolen and he had to buy new luggage in an open market. *Id*. He also explained an Ecuadorian citizen had first-hand knowledge of the relevant events and could provide testimony supporting his "otherwise uncorroborated testimony." *Id*. The Ecuadorian agreed to testify, but he could not secure the appropriate entrance visa to testify at Mr. Filippi's trial. *Id*. Defense counsel wrote the government (the prosecutor and immigration) multiple letters explaining the situation and asking for help in securing the presence of the Ecuadorian. *Id*. The judge found him to be a material witness favorable to the defense and wrote a letter to immigration authorities urging the Ecuadorian be given a visa so he could attend the trial and testify. Defense counsel and the court's efforts were in vain; the Ecuadorian never received a visa and he was not

available to testify in Mr. Filippi's trial. Unfortunately for Mr. Filippi, he agreed to go ahead with the trial without his only material and percipient witness.

The First Circuit held Mr. Filippi's Sixth (and by extension, Fifth) Amendment rights were violated. *Theresius Filippi*, 918 F.2d at 247. The issue was not whether the government had the authority to compel the Ecuadorian to attend the trial—that was not the remedy Mr. Filippi sought. *Id*. The Ecuadorian was willing to come and testify. *Id*. The problem was the government failed to "make it possible by requesting a Special Interest Parole from the INS." *Id*. Accordingly, the First Circuit held:

> this failure directly caused the loss of the defendant's only material witness. Such a deliberate omission to act, where action was required, by the United States Attorney constitutes a violation of the Sixth Amendment right to compulsory process and, derivatively, the right to due process protected by the Fifth Amendment.

*Id*. But because Mr. Filippi agreed to go to trial without the witness, the Court found that he implicitly waived the government's violation of his Sixth and Fifth Amendment rights.

### III.     MR. CORREA HAS BEEN DENIED THE RIGHT TO PRESENT A COMPLETE DEFENSE:

As noted above, Mr. Correa has sought the attendance of Mr. Hydara and Mr. Jeng to present testimony at trial material to his defense that he was coerced to, and under duress when he, allegedly assaulted the individuals listed in the indictment. His counsel has timely gone through the process to obtain the proper immigration documents and travel arrangements for the witnesses. Mr. Hydara and Mr. Jeng have informed the defense that they are willing to testify. The government, however, has refused to take the necessary action to secure their presence and ability to testify at Mr. Correa's trial; like Mr. Filippi, the government is thwarting Mr. Correa's ability to mount a defense to its allegations – a defense that *would* be available had this case be brought in The Gambia

where the witnesses reside (and where the alleged crimes took place). As a result, the government's failure to act has violated Mr. Correa's constitutional right to present a complete defense at trial. Unlike Mr. Filippi, Mr. Correa is not willing to waive his Sixth and Fifth Amendment rights and continue with the trial without his only percipient witnesses being available to testify.

> A. *Mr. Hydara and Mr. Jeng's presence at trial has been thwarted by the government's failure to act.*

The issue is not whether the Court or the government are obligated to ensure Mr. Hydara and Mr. Jeng are at trial. Indeed, they cannot. *See*, e.g., *United States v. Zabaneh,* 837 F.2d 1249, 1260 (5th Cir.1988) (the right of compulsory process does not extend beyond the borders of the United States). The issue here is whether the government has failed to act, and that failure to act has directly caused the witnesses to be unavailable. *Theresius Filippi*, 918 F.2d at 247; *McLellan*, 959 F.3d at 474–75; *United States v. Weddell,* 804 F.2d 1343 (5th Cir.1986); *United States v. Aguilar*, No. SA-14-CR-223-XR, 2014 WL 6680525, at *5 (W.D. Tex. Nov. 25, 2014). In this instance, the government's failure to grant both Mr. Hydara and Mr. Jeng immunity—a power it holds alone—has thwarted Mr. Correa's attempt to bring them to the United States to testify on his behalf. *United States v. LaHue*, 261 F.3d 993, 1014-15 (10th Cir. 2001); *United States v. Hunter*, 672 F.2d 815, 818 (10th Cir. 1982).

Mr. Hydara and Mr. Jeng have agreed to testify. The process for obtaining the necessary documents from immigration and making travel arrangements are near completion. The only remaining impediment is the government's refusal to act; that is refusal to grant Mr. Correa's only percipient witnesses with the immunity that they need to safely enter this country and testify at the upcoming trial. The government's "failure to

act has directly caused [Mr. Hydara and Mr. Jeng] to be unavailable." *Theresius Filippi*, 918 F.2d at 247. The government's refusal to act has caused the loss of Mr. Correa's only percipient witnesses, and, in so doing, has all but eliminated Mr. Correa's ability to mount a defense in this country to its allegations.

### B. *Mr. Hydara and Mr. Jeng's testimony is material and favorable.*

Mr. Correa intends to present a defense that he was coerced and under duress when he allegedly committed the offenses outlined in the indictment. Mr. Hydara and Mr. Jeng are the only percipient witnesses that Mr. Correa has identified that are willing to and can support his defense at trial. Both Mr. Hydara and Mr. Jeng were present during the aftermath of the 2006 failed coup attempt. As such, they would provide the jury with first-hand knowledge as to the real and specific threat of death or serious bodily injury to Mr. Correa if he had refused President Jammeh's commands. Both witnesses would further provide their personal knowledge as to the lack of any other lawful alternative and their personal knowledge of what President Jammeh had done to other Junglers who had dare disobey his commands.  Succinctly put, both Mr. Hydara and Mr. Jeng will provide testimony necessary for Mr. Correa to meet his burden at trial. No other defense witnesses can provide this type of first-hand knowledge. The testimony of Mr. Hydara and Mr. Jeng is both material and favorable to Mr. Correa.

Material evidence includes "testimony [that] could [] affect[] the judgment of the trier of fact." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 874 (1982) (citation omitted); *see also United States v. Bagley*, 473 U.S. 667, 682 (1985) ("A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."). The evidence must also not be cumulative to what is already available. *United States v. Perez*,

217 F.3d 323, 326 (5th Cir. 2000) ("To establish a compulsory process or due process violation, a criminal defendant must make a plausible showing that the testimony of the [] witnesses would have been material and favorable to his defense, in ways not merely cumulative to the testimony of available witnesses.") (citation and punctuation omitted).

Mr. Hydara and Mr. Jeng's testimony will affect the jury's judgment. Mr. Hydara and Mr. Jeng will provide testimony that establishes each of the elements he is required to prove to establish his coercion/duress defense. *See United States v. Portillo-Vega*, 478 F.3d 1194, 1197 (10th Cir. 2007) ("A duress defense requires the establishment of three elements: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm.") (citation and punctuation omitted). Specifically, Mr. Hydara and Mr. Jeng will provide evidence (1) Mr. Correa was under an immediate threat of death or serious bodily injury, (2) he had a well-grounded fear the threat will be carried out, and (3) he did not have a reasonable opportunity to escape the threatened harm. Without this testimony, Mr. Correa's ability to mount a defense against the government's allegations is severely limited.

Their testimony will provide the jury with evidence members of The Gambian armed forces lived in constant fear of President Yahya Jammeh generally, and that general fear gave way to a specific fear of serious bodily injury or death each occurrence a person—like Mr. Correa—was ordered to do something and refused the order, notwithstanding their individual capacity within The Gambian armed forces. Mr. Hydara and Mr. Jeng will provide evidence that President Jammeh's orders were to be carried out, and in the instant they were refused, he would either kill or inflict serious bodily injury

on the person who disobeyed the order. Whoever President Jammeh ordered to complete a task had no other reasonable opportunity to escape the threatened harm, the person would be hunted down and brought back to President Jammeh.

This testimony will not be cumulative, as already proffered in its *James* log and presented in the discovery it has provided to date, the government does not intend to present evidence related to the specific threats President Jammeh conveyed to Mr. Correa or those who he tasked with carrying out his orders at the moment those orders were given.

### III.     **CONCLUSION:**

In light of the government's refusal to act, which is the sole impediment causing Mr. Correa's only two percipient witnesses from testifying on his behalf, and considering the government's belief that this Court cannot compel them to grant the requested immunity, only one option remains – this Court must dismiss the Indictment in light of the serious violations of Mr. Correa's rights under both the Fifth and Sixth Amendment to the United States Constitution.

Respectfully submitted, this 30th day of August, 2024.

VIRGINIA L. GRADY
Federal Public Defender


*s/ Jared Scott Westbroek*
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
Email:  jared_westbroek@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, I electronically filed the foregoing **MICHAEL SANG CORREA'S MOTION TO DISMISS THE INDICTMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Melissa Erin Hindman, Assistant U.S. Attorney
Email:  melissa.hindman@usdoj.gov

Laura Cramer-Babycz, Assistant U.S. Attorney
Email:  Laura.Cramer-Babycz@usdoj.gov

Erin S. Cox, Assistant U.S. Attorney
Email:  Erin.Cox@usdoj.og

Marie S. Zisa, Assistant U.S. Attorney
Email: marie.zisa@usdoj.gov

Christina P. Giffin, Deputy Chief
Email:  Christina.Giffin@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Michael Sang Correa (Via U.S. Mail)


VIRGINIA L. GRADY
Federal Public Defender

*s/ Jared Scott Westbroek*
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
Email:  jared_westbroek@fd.org
Attorney for Defendant