IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-CR-00148-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MICHAEL SANG CORREA,

      Defendant.

---

## MICHAEL SANG CORREA'S REQUEST TO DEPOSE MOMODOU HYDARA AND ALIEU JENG

---

In the event this Court denies Mr. Correa's motions to dismiss the indictment, Docket Entry Number ("DE") 155, DE 162, Mr. Correa respectfully moves this Court to permit his counsel to take video depositions of both Mr. Hydara and Mr. Jeng in The Gambia pursuant to Federal Rule of Criminal Procedure 15 ("Rule 15"). On August 28, 2024, the government asserted that it will not assist in securing Mr. Hydra and Mr. Jeng's ability to testify on behalf of Mr. Correa. Because Mr. Hydra and Mr. Jeng will be unavailable at trial despite Mr. Correa's best efforts to secure their presence, this Court should permit video depositions. Counsel has conferred with the government, who stated it needs additional time to think through the issue before taking a firm position and will provide a fulsome response by September 6, 2024.

I.      **FEDERAL RULE OF CRIMINAL PROCEDURE 15**

In relevant part, Rule 15 provides:

A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.

Fed. R. Crim. P. 15(a)(1). Rule 15 has been routinely applied when a witness is located outside of the United States because the Court does not have the ability to ensure the witnesses' appearance at trial. *United States v. Zabaneh,* 837 F.2d 1249, 1260 (5th Cir. 1988); *United States v. 4. Fnu Lnu*, No. 15-CR-00272-REB, 2016 WL 11658805, at *2 (D. Colo. Sept. 7, 2016); *United States v. Martinez*, 198 F. App'x 704, 710–11 (10th Cir. 2006); *United States v. Marchese*, 842 F. Supp. 1307, 1308 (D. Colo. 1994). In addition to considering the witnesses' unavailability at trial due to being out of the country, Rule 15 requires the Court to consider both "exceptional circumstances" and "the interest of justice." *Martinez*, 198 F.App'x at 711. The exceptional circumstances criteria of Rule 15 requires the Court to exercise "its discretion in determining whether a deposition should be taken under the particular circumstances presented." *United States v. Fuentes–Galindo*, 929 F.2d 1507, 1509 (10th Cir. 1991).

Although Rule 15 "neither defines nor elucidates the 'exceptional circumstances' and 'interest of justice' standards," courts generally permit a party to depose a witness in a criminal case if: (a) the witness will be unavailable to testify at trial, (b) the testimony is material to the moving party's case, and (c) the testimony is necessary to avoid an injustice. *See United States v. Hajbeh*, 284 F. Supp. 2d 380, 382 (E.D. Va. 2003); *see also United States v. Rothbart*, 653 F.2d 462, 465 (10th Cir. 1981) (recognizing that the filing of a motion before ordering a subpoena provides a court "an opportunity to make the initial critical determination of whether any exceptional circumstances existed that would justify the taking of the deposition").

*United States v. O'Hara*, No. 21-CR-190-WJM, 2022 WL 504137, at *1–2 (D. Colo. Feb. 18, 2022); *see also Fuentes–Galindo*, 929 F.2d at 1509; *4. Fnu Lnu*, 2016 WL 11658805, at *2 ("Among the factors guiding that discretion are the materiality of the putative testimony and the unavailability of the witness to testify."). Finally, "Rule 15 'does not contemplate use of depositions of adverse witnesses as discovery tools in criminal cases.'" *United States v. Edwards*, 69 F.3d 419, 437 (10th Cir. 1995) (quoting *United States v. Carrigan*, 804 F.2d 599, 602 (10th Cir. 1986)).

## II.   MR. CORREA HAS BEEN DENIED THE RIGHT TO PRESENT A COMPLETE DEFENSE.

Video depositions of Mr. Hydara and Mr. Jeng are necessary before trial commences. They are unavailable to testify at trial, their testimony is material to Mr. Correa's defense, and their testimony is necessary to avoid an injustice.

### A.   *Mr. Hydara and Mr. Jeng are not available to testify.*

"Unavailability for purposes of Rule 15 is defined by reference to Fed. R. Evid. 804(a)(5), under which a declarant is unavailable when he is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure his attendance." *Fnu Lnu*, 2016 WL 11658805, at *2 (citation and punctuation omitted); *United States v. Marchese*, 842 F. Supp. 1307, 1308 (D. Colo. 1994). As noted in his motion to dismiss the indictment, DE 162, Mr. Correa sought the attendance of Mr. Hydara and Mr. Jeng to present testimony at trial material to his defense that he was coerced to and under duress when he allegedly assaulted the individuals listed in the indictment. His counsel has timely gone through the process to obtain the proper immigration documents and travel arrangements for the witnesses. Mr. Hydara and Mr. Jeng have informed the defense that they are willing to testify. The

government, however, has refused to take the necessary action to secure their presence and ability to testify at Mr. Correa's trial. The government is thwarting Mr. Correa's ability to mount a defense to its allegations – a defense that *would* be available had this case been brought in The Gambia where the witnesses reside (and where the alleged crimes took place).

**B. *Mr. Hydara and Mr. Jeng's testimony is material and necessary to avoid an injustice.***

Material evidence includes "testimony [that] could [] affect[] the judgment of the trier of fact." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 874 (1982) (citation omitted); *see also United States v. Bagley*, 473 U.S. 667, 682 (1985) ("A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."). The evidence must also not be cumulative to what is already available. *United States v. Perez*, 217 F.3d 323, 326 (5th Cir. 2000) ("To establish a compulsory process or due process violation, a criminal defendant must make a plausible showing that the testimony of the [] witnesses would have been material and favorable to his defense, in ways not merely cumulative to the testimony of available witnesses.") (citation and punctuation omitted).

Mr. Correa intends to present a defense that he was coerced and under duress when he allegedly committed the offenses outlined in the indictment. Mr. Hydara and Mr. Jeng are the only percipient witnesses that Mr. Correa has identified who are willing to and can support his defense at trial. *See United States v. Portillo-Vega*, 478 F.3d 1194, 1197 (10th Cir. 2007) ("A duress defense requires the establishment of three elements: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm.") (citation and punctuation omitted). Specifically, Mr. Hydara and Mr. Jeng will

provide evidence (1) Mr. Correa was under an immediate threat of death or serious bodily injury, (2) he had a well-grounded fear the threat would be carried out, and (3) he did not have a reasonable opportunity to escape the threatened harm.

Both Mr. Hydara and Mr. Jeng were present during the aftermath of the 2006 failed coup attempt. As such, they would provide the jury with first-hand knowledge as to the real and specific threat of death or serious bodily injury to Mr. Correa if he had refused President Jammeh's commands. Both witnesses would further provide their personal knowledge as to the lack of any other lawful alternative and what President Jammeh had done to other Junglers who had dared to disobey his commands. Succinctly put, both Mr. Hydara and Mr. Jeng will provide testimony necessary for Mr. Correa to meet his burden at trial. No other defense witnesses can provide this type of first-hand knowledge. Without these witnesses' testimony, Mr. Correa's ability to mount a defense against the government's allegations is severely limited.

Mr. Hydara and Mr. Jeng's testimony will affect the jury's judgment. Mr. Hydara and Mr. Jeng will provide the testimony that establishes each of the elements Mr. Correa is required to prove to establish his coercion/duress defense. It will be the best evidence the jury can consider when determining whether Mr. Correa has met his burden for his coercion/duress defense.

Nor will Mr. Hydara and Mr. Jeng's testimony be cumulative. As already proffered in its *James* log and presented in the discovery it has provided to date, the government does not intend to present evidence related to the specific threats President Jammeh conveyed to Mr. Correa or those whom he tasked with carrying out his orders at the moment those orders were given. Further, Mr. Hydara and Mr. Jeng will not provide

identical testimony; rather each will testify to different aspects of the threats facing Mr. Correa after the 2006 failed coup attempt.

Finally, Mr. Correa is not seeking the use of Mr. Hydara and Mr. Jeng's depositions as a tool of discovery because their testimony is already known. Mr. Correa is seeking to depose Mr. Hydara and Mr. Jeng in an effort to place their testimony supporting his defense before the jury for its consideration—avoiding the injustice that would occur if he were unable to adequately "present a complete defense." *California v. Trombetta*, 104 S. Ct. 2528, 2532 (1984); *United States v. Serrano*, 406 F.3d 1208, 1214 (10th Cir. 2005) ("A criminal defendant's right to present a defense is essential to a fair trial.").

### III.   MR. HYDARA AND MR. JENG'S VIDEO DEPOSITIONS WOULD BE ADMISSIBLE AT TRIAL

> Testimony given at Rule 15 depositions are admissible where the witness is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure:
>
> > (A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6)

Fed. R. Evid. 804 (a)(5); *Fuentes-Galindo*, 929 F.2d at 1510; *United States v. Marchese*, 842 F. Supp. at 1309 (D. Colo. 1994). A witness is "'unavailable' where the declarant 'is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance ... by process or other reasonable means.'" *Fuentes-Galindo*, 929 F.2d at 1510; *U.S. v. Eufracio–Torres,* 890 F.2d 266, 269 (10th Cir.1989), *cert. denied,* 494 U.S. 1008 (1990). To "introduce deposition testimony, the proponent of the testimony bears the burden of demonstrating that the declarant is unavailable." *Id.* (citation omitted). "This requires that the proponent demonstrate that a good faith effort was made to obtain the declarant's presence at trial using reasonable means." *Id.* (citing

*United States v. Eufracio–Torres,* 890 F.2d 266, 269 (10th Cir. 1989); *Martinez*, 198 F. App'x 704, 710–11 ("the government has the burden of proving that the witness is unavailable.") (citing *Fuentes–Galindo,* 929 F.2d at 1511 (proponent bears burden on unavailability).

Mr. Correa has made a reasonable, good faith effort to secure Mr. Hydara and Mr. Jeng's presence at trial. As noted in his motion to dismiss, DE 162, he has already begun the process of obtaining the necessary funding and Special Benefits Parole to admit both Mr. Hydara and Mr. Jeng into the United States for the limited purpose of testifying at trial, and that process is almost complete. For its part, the government has refused to provide Mr. Hydara and Mr. Jeng with immunity—and this Court cannot compel them otherwise. As a result of the government's actions, Mr. Hydara and Mr. Jeng are unavailable to testify at trial despite Mr. Correa's good faith attempt to secure their presence.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, if this Court denies Mr. Correa's motions to dismiss the indictment, DE 155, DE 162, this Court should grant Mr. Correa's request to travel to The Gambia to take video depositions of Mr. Hydara and Mr. Jeng to ensure Mr. Correa is able to present a complete defense at trial.  Should this Court grant this request, undersigned counsel will file the necessary ends of justice continuance to allow sufficient time for the parties to travel to The Gambia to take the video depositions.

//

//

Respectfully submitted, this 30th day of August, 2024.

VIRGINIA L. GRADY
Federal Public Defender

*s/ Jared Scott Westbroek*

JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
Email: jared_westbroek@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2024, I electronically filed the foregoing **MICHAEL SANG CORREA'S REQUEST TO DEPOSE MOMODOU HYDARA AND ALIEU JENG** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Melissa Erin Hindman, Assistant U.S. Attorney
Email:  melissa.hindman@usdoj.gov

Laura Cramer-Babycz, Assistant U.S. Attorney
Email:  Laura.Cramer-Babycz@usdoj.gov

Erin S. Cox, Assistant U.S. Attorney
Email:  Erin.Cox@usdoj.og

Marie S. Zisa, Assistant U.S. Attorney
Email: marie.zisa@usdoj.gov

Christina P. Giffin, Deputy Chief
Email:  Christina.Giffin@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner indicated by the non-participant's name:

Michael Sang Correa (Via U.S. Mail)


*s/ Jared Scott Westbroek*
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
Email:  jared_westbroek@fd.org
Attorney for Defendant