IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-CR-00148-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MICHAEL SANG CORREA,

      Defendant.
_____

**UNOPPOSED MOTION FOR AN ENDS OF JUSTICE CONTINUANCE**
_____

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW the Defendant, Michael Correa, through his attorney of record, Assistant Federal Public Defender Matthew K. Belcher, and requests that this Court exclude an additional 180 days from the Speedy Trial Clock, pursuant to 18 U.S.C. §§ 3161(h)(3)(A) and (7)(B)(i) and (ii). In support thereof, Mr. Correa would show as follows.

      1.    On June 2, 2020, Mr. Correa was charged in a seven-count Indictment in violation of the following offenses: (a) Conspiracy to Commit Torture, in violation of 18 U.S.C. § 2340A(c); and (b) Torture and Aiding and Abetting the Same, in violation of 18 U.S.C. §§ 2340 and 2.

      2.    On July 9, 2020, the Government filed an unopposed motion to declare the case complex, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), and a request that this Court exclude 120 days from the Speedy Trial Clock. In support, the Government noted (1) the unusual nature of the case, which involves the extraterritorial application of United States

law to acts allegedly committed by a foreign national wholly in a foreign nation 14 years ago; (2) the novel question of both law and fact posed by such an unusual prosecution; (3) the anticipated voluminous nature of the discovery; (4) the need to obtain foreign evidence and witnesses; (5) the need to travel to The Gambia to further investigate the allegations; and (6) the complications that had arisen due to the COVID-19 pandemic.  In further support, pursuant to 18 U.S.C. § 3161(h)(8), the Government informed this Court that they had submitted evidence requests to four countries – Sweden, The Netherlands, The Gambia, and Senegal – all of which were outstanding at the time.

       3.       On July 14, 2020, the Court granted the government's unopposed motion, declared the case complex, and excluded 120 days from the Speedy Trial Clock.

       4.       Since then, the Court has granted six additional, unopposed, continuance requests while the discovery process was still ongoing.  The last request being granted on May 18, 2023 (Doc. #80).

       5.       On October 13, 2023, this Court set a ten-day jury trial for September 16, 2024.

       6.       On August 15, 2024, defense counsel reached out to government counsel to request immunity for two of their international fact witnesses; (1) Momodou Hydara; and (2) Alieu Jeng.  The government responded on August 20, 2024, indicating that they were not offering immunity to the witnesses.

       7.       On August 23, 20234, at the Final Trial Preparation Conference, defense counsel raised his concern with the Court that regarding the possibility that Mr. Correa will not be able to present testimony from two material witnesses, both of whom are currently residing in The Gambia.  However, counsel indicated that he would continue to

work with government counsel to try and resolve the matter before the September 16, 2024, jury trial.

8. Immediately following the Final Trial Preparation Conference on August 23, 2024, defense counsel again requested that the government provide immunity for both Mr. Hydara and Mr. Jeng. Again, on August 28, 2024, the government declined the immunity request.

9. On August 30, 2024, defense counsel filed two motions with this Court: (1) Defendant Motion to Dismiss the Indictment (Doc. #162); and, in the alternative, (2) Defendant's Request to Depose Momodou Hydara and Alieu Jeng (Doc. #164). The former was denied on September 10, 2024 (Doc. #174), and the latter was set for a hearing on September 11, 2024 (Doc. #171).

10. On September 11, 2024, this Court granted Mr. Correa's request to depose Momodou Hydara and Alieu Jeng. In doing so, this Court found, *inter alia*, that both Mr. Hydara and Mr. Jeng are unavailable and that their testimony is material and relevant to Mr. Correa's stated defense. As such, this Court vacated the September 16th jury trial and ordered defense counsel to confer with government counsel and then file the necessary request for a continuance.

11. After conferring with Mr. Correa, as well as counsel for the government, the parties agree that an exclusion of 180-days from the Speedy Trial Clock is appropriate.

12. Given the above, it is unreasonable to expect adequate preparation for trial under the current Speedy Trial Clock limitations. As such, a failure to grant the requested continuance would likely result in a miscarriage of justice within the meaning of 18 U.S.C.

§ 3161(h)(7)(B)(i), even considering due diligence by the parties. *See United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).

13. Despite due diligence by undersigned counsel, essential international fact witnesses are currently unavailable to testify at trial in the United States. 18 U.S.C. § 3161(h)(3)(A). Without the ability to call these essential defense witnesses, Mr. Correa is unable to effectively proceed with trial and present a full defense to the accusations set forth in the Indictment.

14. This Court has granted Mr. Correa's request to travel to The Gambia and conduct criminal depositions pursuant to Federal Rules of Criminal Procedure 15(c)(3). The requested 180-day continuance is necessary to allow the parties sufficient time to coordinate the logistics that is involved in traveling to a foreign country to conduct a criminal deposition in accordance with the dictates of Fed.R.Cr.P. 15(e).

15. Accordingly, pursuant to 18 U.S.C. §§ 3161(h)(3)(A) and (h)(7)(B)(i) and (ii), Mr. Correa, through counsel, moves this Court to exclude an additional 180 days from the Speedy Trial Clock.

16. As indicated above, due to the unavailability of essential defense witnesses, it is currently unreasonable to expect adequate preparation for trial within the current Speedy Trial Clock limitations. 18 U.S.C. §§ 316(h)(3)(A) and (h)(7)(B)(ii). As such, failure to grant a continuance would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i).

17. Last, but not least, the ends of justice served by granting the motion outweigh the best interests of the public and Mr. Correa in a speedy trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

\* \* \*

WHEREFORE, PREMISES CONSIDERED, undersigned counsel requests that this Court exclude an additional 180 days from the Speedy Trial Clock.

    Respectfully submitted,

    VIRGINIA L. GRADY
    Federal Public Defender


    */s/ Matthew K. Belcher*
    MATTHEW K. BELCHER
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO 80202
    Telephone: (303) 294-7002
    FAX: (303) 294-1192
    Email:  Matthew_Belcher@fd.org
    Attorney for Defendant

## CERTIFICATE OF SERVICE

  I certify that on September 11, 2024, I electronically filed the foregoing ***Unopposed Motion for an Ends of Justice Continuance*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

  Christina P. Giffin, Assistant U.S. Attorney
  Email:  Christina.Giffin@usdoj.gov

  Marie S. Zisa, Assistant U.S. Attorney
  Email: marie.zisa@usdoj.gov

  Melissa Hindman, Assistant U.S. Attorney
  Email:  Melissa.Hindman@usdoj.gov

and I will mail or serve the document or paper to the following non-CM/ECF participant in the manner indicated:

  Michael Sang Correa (via mail)

            */s/ Matthew K. Belcher*
            MATTHEW K. BELCHER
            Assistant Federal Public Defender
            Office of the Federal Public Defender