**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Criminal Action No. 20-cr-00148-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL SANG CORREA,

    Defendant.

---

### ORDER DENYING MOTION TO DISMISS

---

This matter is before the Court on Defendant Michael Sang Correa's Motion to Dismiss the Indictment. (Doc. # 155.) For the following reasons, the Court denies the Motion.

### I.    BACKGROUND

The Court incorporates its previous recitation of the facts and procedural history of this case as stated in its Order Denying Defendant's Motion to Dismiss the Indictment. (Doc. # 105 at 1–3.) In short, the Government has charged Mr. Correa with torture and conspiracy to commit torture—in violation of 18 U.S.C. §§ 2340, 2340A, and 2—for acts allegedly committed by Mr. Correa and unindicted coconspirators following a failed coup d'état in The Gambia in 2006, while that country was ruled by former-President Yahya Jammeh. (*Id.*; Doc. # 1.) A ten-day jury trial in this case is scheduled to begin on April 8, 2025. (Doc. # 181.)

In the instant Motion, Mr. Correa argues that the Court must dismiss the indictment against him because the statute of limitation expired prior to the Government's filing of the indictment. (Doc. # 155 at 1.) The Government timely filed its response on August 26, 2024. (Doc. # 158.)

## II.     ANALYSIS

### A.     RELEVANT STATUTES

Because the parties make arguments primarily centered on statutory structure and interpretation, the Court finds it prudent to quote the applicable sections of the statutes at length before delving into the parties' arguments. The primary statutes at issue in this motion are 18 U.S.C. § 3286(b) and 18 U.S.C. § 2332b(g)(5).

Section 3286(b) reads:

> § 3286. Extension of statute of limitation for certain terrorism offenses
> (a) . . .
> (b) **No limitation**.--Notwithstanding any other law, an indictment may be found or an information instituted at any time without limitation for any offense listed in section 2332b(g)(5)(B), if the commission of such offense resulted in, or created a for[e]seeable risk of, death or serious bodily injury to another person.

It is undisputed that the acts alleged in Mr. Correa's indictment "resulted in, or created a for[e]seeable risk of, death or serious bodily injury to another person."

Section 2332b(g)(5) of the U.S. code, in turn, states:

> § 2332b. Acts of terrorism transcending national boundaries
> . . .
>     (g)     **Definitions.**--As used in this section--
> . . .
>         (5) the term "Federal crime of terrorism" means an offense that--
>             (A) is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct; and

2

    (B) is a violation of—
     (i) . . . or 2340A (relating to torture) of this title . . . .

**B. ARGUMENTS**

The United States code sets a five-year statute of limitation for noncapital offenses "except as otherwise expressly provided by law." 18 U.S.C. § 3282(a). It is undisputed that more than 14 years passed between the criminal acts alleged in Mr. Correa's indictment—which occurred in March and April 2006—and the June 2, 2020 filing of the indictment by the Government. *See* (Doc. # 1.)

The Government avers that 18 U.S.C. § 3286(b) expressly and unambiguously provides an exception to the five-year statute of limitation for Mr. Correa's charged offenses. (Doc. # 158 at 1.) This is because section 3286(b) removes the statute of limitation for offenses listed at 18 U.S.C. § 2332b(g)(5)(B), and the statute under which Mr. Correa was indicted—18 U.S.C. § 2340A (relating to torture)—is included in that list.

Mr. Correa, however, contends that for section 3286(b)'s exception to apply, his statute of indictment must not only be listed at section 2332b(g)(5)(B), but must also satisfy the language of section 2332b(g)(5)(A). (Doc. # 155 at 2.) Section 2332b(g)(5)(A) defines the term "Federal crime of terrorism," in part, as "an offense that . . . is calculated to influence of affect the conduct of government by intimidation of coercion, or to retaliate against government conduct." Because Mr. Correa's indictment does not allege that his criminal acts meet 2332b(g)(5)(A)'s criteria, Mr. Correa argues this Court must dismiss his indictment. (Doc. # 155 at 2.) In support of his argument, Mr. Correa relies on *Fisher v. United States*, 144 S. Ct. 2176 (2024), in which the United States Supreme Court instructed courts to "give effect, if possible, to every clause and

word of [the] statute." *Id.* at 2183. For the statute at issue in *Fisher*—18 U.S.C. § 1512(c), part of the Sarbanes-Oxley Act of 2002—the Court did so by considering "the specific context" in which the statutory subsection appears and "the broader context of the statute as a whole," including the statute's legislative history. *Id.* at 2183–87.

**C.     STATUTORY INTERPRETATION & *FISHER***

The Supreme Court has instructed that "in interpreting a statute a court should always turn first to one, cardinal canon before all others. . . . courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992); *see also United States v. Duong*, 848 F.3d 928, 931 (10th Cir. 2017) ("Any exercise in statutory interpretation must begin with an examination of the plain language at issue." (internal quotation marks and citation omitted)). A statute is ambiguous when "its text, literally read, admits of two plausible interpretations."  *In re Doll*, 57 F.4th 1129, 1139 (10th Cir. 2023) (quoting *Graham Cty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 420 n.2 (2005)).

"When the words of a statute are unambiguous . . . this first canon is also the last: 'judicial inquiry is complete.'" *Conn. Nat'l Bank*, 503 U.S. at 254 (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)); *see also United States v. Green*, 967 F.2d 459, 461 (10th Cir. 1992) ("If the terms of the statute are unambiguous, our inquiry ends."). In that circumstance, reliance on other canons of statutory interpretation or legislative history is unnecessary. *See Sunnyside Coal Co. v. U.S. Dep't of Labor*, 112 F.4th 902, 911 (10th Cir. 2024) (explaining that, if "the text of the statute is clear,

4

'reliance on legislative history is unnecessary'" (quoting *Mohamad v. Palestinian Auth.*, 566 U.S. 449, 458–59 (2012))); *United States v. Husted*, 545 F.3d 1240, 1247 (10th Cir. 2008) (explaining that "it is a longstanding principle that absent ambiguity we cannot rely on legislative history to interpret a statute").

Mr. Correa does not explicitly argue that *Fisher* abrogated or altered these foundational principals of statutory interpretation. *See* (Doc. # 155 at 3.) Indeed, as Mr. Correa points out, in *Fisher* the Supreme Court held that a court must "give effect, if possible, to every clause and word of a statute." 144 S. Ct. at 2183.

Like 18 U.S.C. § 2332b(g)(5), the statute at issue in *Fisher*, 18 U.S.C. § 1512(c), has two subsections. Together the subsections read:

> § 1512. Tampering with a witness, victim, or an informant
> . . .
> (c) Whoever corruptly--
>   (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>   (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
> shall be fined under this title or imprisoned not more than 20 years, or both.

The Supreme Court explained that "the controversy before [it] is about the scope of the residual 'otherwise' clause in Section 1512(c)(2)." *Fisher*, 144 S. Ct. at 2183. The parties agreed that "[t]he purpose of the 'otherwise' clause" was "to cover some set of 'matters not specifically contemplated by (c)(1)," "[t]he problem [for the Court was] defining what exactly Congress left for (c)(2)." *Id.*

In stating this problem, the Supreme Court implicitly concluded that the statutory text was ambiguous. Given the text's ambiguity, the Court also considered the history of

5

§ 1512. *See id.* at 2186. Ultimately, the Court concluded that "the scope of (c)(2) is defined by reference to (c)(1)," and, therefore, to prove a violation of (c)(2), "the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." *Id.* at 2190.

D.     APPLICATION

Section 3286(b) removes the statute of limitation "for any offense listed in section 2332b(g)(5)**(B)**, if the commission of such offense resulted in, or created a for[e]seeable risk of, death or serious bodily injury to another person." 18 U.S.C. § 3286(b) (emphasis added). The Court finds nothing ambiguous in this language.

If it had wished to do so, Congress could easily have written section 3286(b) to remove the statute of limitation only for offenses that met the requirements outlined in both subsections 2332b(g)(5)(A) and (B), by, for example, wording section 3286(b) to say "an indictment may be found . . . at any time without limitation for any offense listed in section 2332b(g)(5)," without reference to a specific subsection. Another option to achieve this same result would have been for Congress to remove the statute of limitation for "any Federal crime of terrorism" whose definition encompasses subsections 2332b(g)(5)(A) and (B). 18 U.S.C. § 2332b(g)(5). In fact, Congress did just that at several other statutes including 18 U.S.C. § 932(b), which makes it unlawful to

> knowingly purchase a firearm, or conspire to purchase, any firearm . . . on behalf of, or at the request or demand of any person, knowing or having reasonable cause to believe that such other person--
> . . .
> (2) intends to use, carry, possess, or sell or otherwise dispose of the firearm in furtherance of . . . a Federal crime of terrorism . . . ;

6

and 18 U.S.C. § 981(a)(1)(G)(i), which subjects to forfeiture "[a]ll assets, foreign or domestic--(i) of any individual, entity, or organization engaged in planning or perpetrating any [] Federal crime of terrorism . . . ." That Congress elsewhere use the phrase to "Federal crime of terrorism" strongly supports the conclusion that it did not mean to incorporate both elements of that term's definition in § 3286(b). *See United States v. Burkholder*, 816 F.3d 607, 615 & n.6 (10th Cir. 2016) (explaining that consideration of language used in other federal criminal statutes was consistent with focus on plain language of statutory language at issue).

But Congress did not take either of these two routes. Instead, Congress worded section 3286(b) to remove the statute of limitation "for any offense listed in section 2332b(g)(5)(B)" specifically. Given this lack of ambiguity, the Court will not second guess Congress's intention and "will presume that [the] legislature says in [the] statute what it means and means in [the] statute what it says there." *Conn. Nat. Bank*, 503 U.S. at 253–54.

Other Courts which have considered references to 2332b(g)(5)(B)'s list of offenses have similarly found a lack of ambiguity and have applied the plain language of the referencing statute. *See, e.g.*, *United States v. Hayne*, 835 F. App'x 855, 857 (6th Cir. 2020) (rejecting defendant's argument—based on title of § 3583(j) ("Supervised release terms for terrorism predicates")—that lifetime supervision was "explicitly limited to 'terrorism' violations," and instead finding that the "district court . . . was clearly authorized to impose a lifetime term of supervised release" because defendant's convictions were for offenses listed in § 2332b(g)(5)(B)); *United States v. Tarrio*, 605 F.

7

Supp. 3d 73, 77–78 (D.D.C. 2022) (explaining that a rebuttable presumption of detention applied because there was probable cause to believe defendant committed an offense listed in § 2332b(g)(5)(B)—*i.e.*, § 1361—without any requirement that the enumerated crime also satisfy § 2332b(g)(5)(A)).

*Fisher* does not alter this analysis because the statute at issue in *Fisher* is structured in a materially different way. Section 1512(c)(2) explicitly referenced subsection (c)(1), by means of the word "otherwise." Contrary to Mr. Correa's argument, the Supreme Court did not "tether[] the subsections" (Doc. # 155 at 3), Congress did. Therefore, the Supreme Court was required to determine what was excluded from (c)(1) but included in (c)(2). *Fisher*, 144 S. Ct. at 2183 ("The problem is defining what exactly Congress left for (c)(2)."). To make that determination, the Supreme Court looked to "the specific context" in which (c)(2) appears and "the broader context of the statute as a whole," including the legislative history of the Sarbanes-Oxley Act of 2002. *Id.* at 2183–87.

Section 2332b(g)(5)(B), however, contains no reference to its preceding subsection. It is merely a list of statutes laying out criminal offenses to which Congress referred back in section 3286(b) and elsewhere.

Because the Court concludes that section 3286(b) is not ambiguous, it's "inquiry is complete." *Conn. Nat'l Bank*, 503 U.S. at 254. Therefore, the Court need not, and will not, consider the "broader context," title, or the legislative history of section 3286(b). *I.N.S. v. Nat'l Ctr. For Immigrants' Rights, Inc.*, 502 U.S. 183, 189 (1991) ("[T]he title of

8

a statute or section can aid in resolving **an ambiguity** in the legislation's text." (emphasis added)); *Sunnyside Coal*, 112 F.4th at 911.

### III.  CONCLUSION

Based on the foregoing, the Court ORDERS that Defendant Michael Sang Correa's Motion to Dismiss the Indictment (Doc. # 155) is DENIED.

DATED: September 23, 2024

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge