IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00148-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  MICHAEL SANG CORREA,
    a/k/a MICHAEL CORREA,
    a/k/a SANG CORREA,
    a/k/a MICHAEL COREA,
    a/k/a MICHAEL SANG COREA,
    a/k/a SANG COREA,

    Defendant.

## GOVERNMENT'S MOTION TO RECONSIDER AND/OR CLARIFY BASIS FOR SENTENCE IMPOSED

On August 22, 2025, the Court sentenced the defendant to 810 months' imprisonment. In so doing, the Court characterized the sentence as within the range prescribed by the Sentencing Guidelines. As set forth below, however, the sentence imposed was above the Guidelines range. Such a sentence is nonetheless amply supported by the Court's thorough factual recitation and consideration of the § 3553(a) factors, which also justify an upward variance in this case. Accordingly, the government's sole request is that the Court reconsider or clarify its ruling to conclude that an upward variance is warranted to achieve the sentence the Court concluded was appropriate based on the § 3553(a) factors.

    **I.**    **Applicable Guidelines**

At the sentencing hearing, the Court concluded, over the government's objection,

1

that the Guidelines range was 108 to 135 months' imprisonment. That calculation was based on the following Guideline calculation for each count: a base offense level of 14 under U.S.S.G. § 2A2.2 (aggravated assault); a four-level enhancement for using a dangerous weapon, *id.* § 2A2.2(b)(2)(B); a six-level enhancement based on the permanent or life-threatening bodily injuries sustained by each victim, *id.* § 2A2.2(b)(3)(C); and a two-level enhancement based on the physical restraint of each victim, *id.* § 3A1.3. The Court correctly considered each count as an individual group, *id.* § 3D1.2; and adjusted the offense level by five-levels based on the six units that resulted from that grouping analysis, *id.* § 3D1.4. The resulting combined offense level was 31. Based on a criminal history category of I, the applicable Guidelines range is 108 to 135 months' imprisonment.

## II.     Guidelines Provisions Related to Sentencing on Multiple Counts

The calculation described above "produce[d] a total punishment—that is, the combined length of the sentences, as opposed to the range for each individual count." *United States v. Farley*, 36 F.4th 1245, 1252 (10th Cir. 2022) (internal quotations omitted); *see* U.S.S.G. § 5G1.2(b) (explaining that, when sentencing on multiple counts of conviction, the Court "shall determine the total punishment and shall impose that total punishment on each such count, except to the extent otherwise required by law"). The Guidelines allow for sentences on multiple counts to run consecutively if the total punishment is greater than the highest statutory maximum. *See* U.S.S.G. § 5G1.2(d). If, however, the highest statutory maximum is greater than the total punishment, then the sentences on all counts are to run concurrently. *Id.* § 5G1.2(c).

Of course, the Court is free at all times to impose an upward variant sentence

2

based on the § 3553(a) factors, *see United States v. Pena*, 963 F.3d 1016, 1030 (10th Cir. 2020), and to impose consecutive sentences based on those same factors, *see* 18 U.S.C. § 3584.

### III. Basis for Sentence Imposed in this Case

Here, the statutory maximum for each count of conviction (240 months) is greater than the total punishment of 108 to 135 months, and a sentence consistent with the Guidelines would be concurrent sentences on each count. To run the sentences on each count consecutively and impose 810 months' imprisonment, as the Court found was justified here, is a variant sentence above the Guidelines.

In imposing a sentence of 810 months' imprisonment, however, the Court also made clear that it was considering the § 3553(a) factors, with a particular emphasis on the heinous nature of the crimes committed by the defendant and the choices that he made in repeatedly torturing his fellow Gambians. A sentence of 810 months' imprisonment is, therefore, amply supported by the extensive factual record made by the Court, which included a thorough consideration of the § 3553(a) factors. Those same factors support an upward variance. The government simply requests that the Court reconsider its statement that no variance was necessary, or, in the alternative, clarify that the Court did find an upward variance was warranted in this case, and issue a written order to that effect.

//


//

Respectfully submitted this 22nd day of August, 2025

        PETER MCNEILLY
        United States Attorney

        *s/ Melissa Hindman*
        Assistant U.S. Attorney
        U.S. Attorney's Office
        1801 California St., Ste. 1600
        Denver, CO 80202
        Telephone: 303-454-0100
        Fax: 303-454-0401
        E-mail: Melissa.Hindman@usdoj.gov
        Attorney for the Government

        *s/ Laura Cramer-Babycz*
        Assistant U.S. Attorney
        U.S. Attorney's Office
        1801 California St., Ste. 1600
        Denver, CO 80202
        Phone:  (303) 454-0100
        Fax: 303-454-0401
        Email: Laura.Cramer-Babycz@usdoj.gov
        Attorney for the Government

        MATTHEW R. GALEOTTI
        Acting Assistant Attorney General

        By: *s/Christina Giffin*
        Christina Giffin
        District of Columbia Bar No. 476229
        Deputy Chief
        United States Department of Justice
        Criminal Division
        Human Rights and Special Prosecutions
        1301 New York Ave. NW, Suite 1200
        Washington, D.C. 20530
        Telephone: (202) 514-5792
        Facsimile: (202) 305-4624
        Email: Christina.Giffin@usdoj.gov

        By: *s/Marie Zisa*
        Marie Zisa

New York Bar No. 5663265
Trial Attorney
United States Department of Justice
Criminal Division
Human Rights and Special Prosecutions
1301 New York Ave. NW, Suite 1200
Washington, D.C. 20530
Telephone: (202) 305-3731
Facsimile: (202) 305-4624
Email: Marie.Zisa@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of August, 2025, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification to all counsel of record.

*s/Melissa Hindman*
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100