IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Criminal Action No. 20-cr-00148-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL SANG CORREA,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff United States of America's (the "Government") Motion to Reconsider and/or Clarify Basis for Sentence Imposed. (Doc. # 249.) Defendant Michael Sang Correa ("Mr. Correa") filed an objection to the Government's Motion. (Doc. # 251.) The Motion is fully briefed and ripe for review. For the following reasons, the Court grants the Government's Motion and overrules Mr. Correa's objection.

### I.  DISCUSSION

The Government's Motion notes that at Mr. Correa's sentencing hearing on August 22, 2025, the Court imposed a sentence of 810 months' imprisonment, but in doing so, the Court characterized the sentence as within the range prescribed by the Sentencing Guidelines. (Doc. # 249 at 1.) As pointed out by the Government, however, the sentence imposed was above the Guidelines range. *See* (Doc. # 249). The Government asks the Court to reconsider and/or clarify its ruling to conclude that an

upward variance is warranted to achieve the sentence imposed, arguing that it was appropriate based on the § 3553(a) factors. (*Id.*)

Mr. Correa objects to the Government's Motion as untimely and argues that "[t]he sentence orally pronounced from the bench is the sentence" and it shall not be subsequently altered. (Doc. # 251 at 1) (citing *United States v. Geddes*, 71 F.4th 1206, 1214-17 (10th Cir. 2023) (citing *United States v. Villano*, 816 F.2d 1448, 1451 (10th Cir. 1987) (en banc)). However, *Geddes* is distinguishable from this case. In *Geddes*, the district court imposed in its written judgment statutorily mandated conditions of supervised release, even though the court did *not* impose them at oral sentencing. 71 F.4th at 1216−17.[1] In this case, the Court made clear at the sentencing hearing that, after consideration of the § 3553(a) factors, it was sentencing Mr. Correa to an imprisonment of 135 months on each count, to be served consecutively, for a total of 810 months or 67.5 years.

The Court misspoke at the sentencing hearing when it said that it was imposing a sentence within the range prescribed by the Sentencing Guidelines.[2] Despite this misstatement, Mr. Correa was on explicit oral notice at sentencing that he was being sentenced to 810 months imprisonment. Therefore, there is no conflict between the oral sentence and a later-written judgment and Mr. Correa's constitutional right to be present

---

[1] Even though the statutorily mandated conditions of supervised release were not mentioned at oral sentencing, the Tenth Circuit nonetheless found that the district court did not abuse its discretion when including them in the written judgment because the defendant had notice that he would be subject to those conditions because they appear in § 3538(d) and were listed in the PSR, which the district judge confirmed at sentencing. *Geddes*, 71 F.4th at 1216.

[2] *See, e.g.*, *United States v. Heathington*, 585 F. App'x 752, 753 n.1 (10th Cir. 2014) ("At the conclusion of the sentencing hearing, the court acknowledged that it misspoke, and '33 months is the sentence.'"). In this case, despite the Court misspeaking regarding the sentence being within the Guidelines, it was clear that the sentence was 810 months.

at the imposition of his sentence was not violated. *See Geddes*, 71 F.4th at 1214. Nor was there any ambiguity as to what his sentence was. *Id.*

Therefore, for the reasons stated at Mr. Correa's August 22, 2025, sentencing hearing, the Court finds that an upward variance was warranted based on the § 3553(a) factors, for a total sentence of 810 months' imprisonment.

## II.   CONCLUSION

Based on the foregoing, the Court ORDERS that the Government's Motion for clarification (Doc. # 249) is GRANTED. It is

FURTHER ORDERED that Mr. Correa's Objection to the Government's Motion (Doc. # 251) is OVERRULED.

DATED: August 27, 2025

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge